Carla G. McClurg, CSB# 227738
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Cheryl Kae Stites,<br><br>Debtor. | Case No. 14-35071-rld7 |
| United States Trustee,<br><br>Plaintiff,<br><br>  v.<br><br>Vincent Howard,<br>Howard Law, P.C.,<br>Erik Graeff,<br>Law Offices of Erik Graeff, P.C.,<br><br>Defendants. | Adversary No. 16-3013-rld<br><br>**PLAINTIFF UNITED STATES TRUSTEE'S OPPOSITION TO DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S RULE 12(b)(6) MOTION TO DISMISS** |

     Plaintiff Acting United States Trustee for Region 18, Gail Brehm Geiger (the "UST"), respectfully submits this opposition to Defendant Vincent Howard and Howard Law, P.C.'s Rule 12(b)(6) Motion to Dismiss (the "Motion") filed on February 29, 2016, ECF No. 8. The Motion should be denied because the claims for relief set forth in the UST's Complaint for Refund of Fees, Injunctive Relief, Civil Penalties, and Other Sanctions, filed on January 29, 2016, pleads facts regarding the conduct of defendants Vincent Howard ("Howard") and Howard Law, P.C.

Page 1 -   PLAINTIFF UNITED STATES TRUSTEE'S OPPOSITION TO DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S RULE 12(b)(6) MOTION TO DISMISS

Case 16-03013-rld    Doc 11    Filed 03/11/16

("Howard Law") (collectively referred to herein as "Defendants"), that are sufficient to support cognizable legal theories.

## Legal Authority

### *Burden and Standard for a Rule 12(b)(6) Motion to Dismiss*

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), a defendant may seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) applies to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7012. The party moving for dismissal has the burden of demonstrating that no claim has been stated. 2-12 MOORE'S FEDERAL PRACTICE – CIVIL §12.34[1][a] (2015); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

A court may grant such a dismissal only where the plaintiff fails to present a cognizable legal theory or to allege sufficient facts to support a cognizable legal theory. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) ("A court may dismiss a complaint [for failure to state a cliam] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.")

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all factual allegations as true even if doubtful in fact. *Twombly*, 550 U.S. at 555-56. "When ruling on a motion to dismiss, [a court] may generally consider only the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Colony Cove Properties, LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011) (internal quotation marks omitted).

Page 2 -   PLAINTIFF UNITED STATES TRUSTEE'S OPPOSITION TO DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S RULE 12(b)(6) MOTION TO DISMISS

Case 16-03013-rld    Doc 11    Filed 03/11/16

### *Definition of a "Debt Relief Agency"*

Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "2005 Act") to correct perceived abuses of the bankruptcy system. Congress enacted through the 2005 Act "a number of provisions directed at the conduct of bankruptcy professionals" to "improve bankruptcy law and practice." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 232 (2010).

Some of these provisions apply to the class of bankruptcy professionals termed "debt relief agencies." *See* 11 U.S.C. §§ 526-528. A "debt relief agency" includes, with limited exceptions, "any person who provides any bankruptcy assistance to an assisted person in return for . . . payment of money or other valuable consideration . . ." 11 U.S.C. § 101(12A). "Bankruptcy assistance" refers to goods or services "provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding" in bankruptcy. 11 U.S.C. § 101(4A). An "assisted person" is someone with limited nonexempt property whose debts consist primarily of consumer debts. 11 U.S.C. § 101(3).

The 2005 Act subjects debt relief agencies to a number of restrictions and requirements, as set forth in §§ 526, 527, and 528. Among them are (i) §526(a)(1) prohibiting a debt relief agency from failing to perform any service such agency informed an assisted person or prospective assisted person it would provide in connection with a bankruptcy case or proceeding, and (ii) §526(a)(3) prohibiting a debt relief agency from misrepresenting the services such agency will provide to an assisted person.

### **Facts Pled in the Complaint**

In the Complaint, the UST requested civil penalties and an injunction for misrepresenting services and for failure to perform services in violation of 11 U.S.C. §§ 526(a)(1) and 526(a)(3), which apply to debt relief agencies. In the Motion, Defendants assert that the UST has not

Page 3 -   PLAINTIFF UNITED STATES TRUSTEE'S OPPOSITION TO DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S RULE 12(b)(6) MOTION TO DISMISS

Case 16-03013-rld    Doc 11    Filed 03/11/16

alleged sufficient facts to support the UST's claims directed at Defendants as debt relief agencies.

At least the following facts pled by the UST in the Complaint support cognizable legal theories pertaining to the issues raised by Defendants in the Motion:

- Howard Law is a "national law firm" that provides "debt settlement and bankruptcy services to near-bankrupt consumers." Complaint ¶21.
- Defendants' clients could opt, if qualified, to file for protection under the Bankruptcy Code if they were unable to complete a debt settlement program. Complaint ¶23.
- Erik Graeff ("Graeff") was engaged by Defendants in order to provide debt settlement and bankruptcy services for Defendants' clients in Oregon. Complaint ¶¶20, 24.
- Defendant and Graeff used oMorgan Drexen for administrative and legal support and thereby signaled to clients that Defendants and Graeff were part of the same law firm. Complaint ¶¶26, 27.
- Defendants, through Morgan Drexen, advised the debtor, Cheryl Kae Stites ("Stites"), to file bankruptcy and referred her to Graeff. Complaint ¶56.
- Defendants shared fees with Graeff. Complaint ¶¶40, 51, 57. Defendants received from Stites at least $10,372.72 and from that amount credited Stites' account $1,155.12 to pay Graeff for bankruptcy. Complaint ¶¶40, 51, 57.
- Defendants held out to Stites that Graeff was part of its network of attorneys. Complaint ¶¶47, 56.
- Stites understood and believed that Graeff was part of Howard Law. Complaint ¶56.
- Morgan Drexen, acting under Defendants' and/or Graeff's direction, determined the attorneys to whom Stites's bankruptcy file would be assigned. Complaint ¶¶56, 62.
- Morgan Drexen, acting under Defendants' and/or Graeff's direction, assigned Stites' file to Oregon attorney Brandon Rennie to assist Stites in filing bankruptcy. Complaint ¶ 62.
- When Graeff terminated his relationship with Defendants, Howard Law took over

Page 4 -   PLAINTIFF UNITED STATES TRUSTEE'S OPPOSITION TO DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S RULE 12(b)(6) MOTION TO DISMISS

Case 16-03013-rld    Doc 11    Filed 03/11/16

representation of Graeff's Oregon clients, including bankruptcy clients. Complaint ¶¶80, 82.

## Analysis

Defendants bear the burden of establishing that the Complaint fails to state a claim against them. The facts included in the Complaint support cognizable legal theories that Defendants are debt relief agencies subject to the requirements of 11 U.S.C. § 526.

Defendants have established a national law firm that provides bankruptcy and debt settlement services to its clients. Defendants contracted with Oregon attorneys to provide bankruptcy services to their clients as part of their overall business model and shared fees with those attorneys. Morgan Drexen was used by Defendants and its Oregon attorneys to provide a seamless interface and presentation to clients as a single law firm. In fact, Stites believed that Graeff was part of Howard Law. Defendants' arguments focused on contract provisions suggest that the language of the contract is both the beginning and the end of the analysis as to whether Defendants are debt relief agencies. However, contract language is not dispositive of the issue of whether Defendants are debt relief agencies. Defendants' conduct must be considered. This conduct, as detailed in the complaint, shows an elaborate business model and agreements intended to provide bankruptcy services to Defendants' clients in Oregon.

## Conclusion

The Motion should be denied, and Defendants should be required to file an answer to the Complaint.

DATED this 11th day of March, 2016.

    Respectfully submitted,
    GAIL BREHM GEIGER
    Acting U.S. Trustee for Region 18

    */s/ Carla G. McClurg*
    Carla G. McClurg, CSB# 227738
    Trial Attorney

Page 5 -   PLAINTIFF UNITED STATES TRUSTEE'S OPPOSITION TO DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S RULE 12(b)(6) MOTION TO DISMISS

Case 16-03013-rld    Doc 11    Filed 03/11/16

# CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2016 I served a copy of the foregoing PLAINTIFF UNITED STATES TRUSTEE'S OPPOSITION TO DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S RULE 12(b)(6) MOTION TO DISMISS by mailing a copy of this document, by United States first-class mail, postage prepaid, addressed to the following:

Vincent Howard
2099 S. State College Blvd, Suite 600
Anaheim, CA 92806

I further certify that on March 11, 2016 I emailed a copy of the foregoing document to Vincent Howard at vhoward@howardlawpc.com.

        GAIL BREHM GEIGER
        Acting U.S. Trustee for Region 18

        */s/ Carla G. McClurg*
        Carla G. McClurg, CSB# 227738
        Trial Attorney