CLERK U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

MAY 17 2016

LODGED_____ REC'D___
PAID_____ DOCKETED____

Vincent Howard. Esa. (CA SBN 232478)
2099 S. State College Blvd, Suite 600
Anaheim, CA 92806
Telephone No.: 800-872-5925

Pro Se

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF OREGON

IN RE

CHERYL KAE STITES

               Debtor.

---

UNITED STATES TRUSTEE,

Plaintiff,

v.

VINCENT HOWARD, HOWARD LAW,
P.C., ERIK GRAEFF, LAW OFFICES OF
ERIK GRAEFF, P.C.,

Defendants.

Bankruptcy Case No.: 14-35071-rld7

Adversary No. 16-03013-rld

DEFENDANT VINCENT
HOWARD AND HOWARD
LAW, P.C.'S ANSWER

- 1 -

*Howard and Howard Law's Answer*

Defendant Vincent Howard, on behalf of himself and Howard Law, P.C., for whom he is the sole shareholder (collectively "Howard"), answers Plaintiff's Complaint as the allegations pertain to Howard as follows:

1. Howard denies the allegations in paragraph 1.

2. Howard denies the allegations in paragraph 2.

3. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Howard admits the allegations in Paragraph 5 as they pertain to Vincent Howard, the individual, but denies the allegations as they pertain to Howard Law, P.C.

6. Howard admits the allegations in paragraph 6.

7. Howard admits the allegations in paragraph 7.

8. Howard admits the allegations in paragraph 8.

9. Howard admits the allegations in paragraph 9.

10. Howard admits the allegations in paragraph 10.

11. Howard admits the allegations in paragraph 11.

*Howard and Howard Law's Answer*

12. Howard denies the allegations in paragraph 2.

13. As the allegation pertain to Stites, Howard denies the allegation in paragraph 13.

14. Howard denies the allegation in paragraph 14.

15. Howard admits the allegations in paragraph 15.

16. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies them.

20. Howard admits Graeff signed a Local Counsel Engagement Letter with Howard.

21. Howard admits he signed a Local Counsel Engagement Letter. The terms of the letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 21.

22. Howard admits he signed a Local Counsel Engagement Letter. The terms of the

*Howard and Howard Law's Answer*

Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 22.

23. Howard admits he signed a Local Counsel Engagement Letter. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 23.

24. Howard admits he signed a Local Counsel Engagement Letter with Graeff. The terms of the

Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 24.

25. Howard admits Graeff signed an amendment to the Local Counsel Engagement Letter. The terms of the amendment speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 25.

26. Howard admits the allegations in paragraph 26.

27. Howard admits the allegations in paragraph 27.

28. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and 1herefore denies them.

30. Howard admits that Stites entered into the Howard Engagement Agreement ("HEA"), the terms of which speak for themselves.

- 4 -

31. Howard admits that Stites entered into the HEA, the terms of which speak for themselves.

32. Howard admits that Stites entered into the HEA, the terms of which speak for themselves.

33. Howard admits that Stites entered into the HEA, the terms of which speak for themselves.

34. An attorney who was a member of Howard Nassiri was licensed to practice law in Oregon and therefore providing Stites with the information set forth in paragraph 34 would have been inaccurate.

35. Howard admits the Howard Engagement Agreement ("HEA"), the terms of which speak for themselves.

36. Howard admits that Stites advised Howard Nassiri that she was earning $1,300 at the time of the engagement.

37. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38. Howard admits the Howard Engagement Agreement ("REA"), the terms of which speak for themselves.

39. Howard denies the allegations in in paragraph 39.

40. Howard admits the allegations in paragraph 40.

41. Howard admits the allegations in paragraph 41.

- 5 -

*Howard and Howard Law's Answer*

42. Howard admits the allegations in paragraph.

43. Howard admits that Stites entered into the HEA, the terms of which speak for itself. Howard, therefore, denies the remaining allegations contained in paragraph 43.

44. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45. Howard admits that a letter was sent to Stites on March 26, 2012, the content of which speaks for itself.

46. Howard admits that a letter was sent to Stites on March 26, 2012, the content of which speaks for itself.

47. Howard admits that Stites signed the Howard Limited Scope Agreement ("HLSA").

48. Howard admits Stites signed the GLSA, the terms of which speak for themselves, and Howard therefore denies the remaining allegations contained in paragraph 48.

49. Howard admits Stites signed the GLSA, the terms of which speak for themselves, and Howard therefore denies the remaining allegations contained in paragraph 49.

50. Howard admits the allegations in paragraph 50.

51. Howard admits the allegations in paragraph 51.

- 6 -

*Howard and Howard Law's Answer*

52. Howard admits a letter was sent to Johnson Mark on April 20, 2012, the content of which speaks for itself.

53. Howard denies the allegations in paragraph 53.

54. Howard admits the allegations in paragraph 54.

55. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56. Howard denies that a Morgan Drexen representative advised Stites to file bankruptcy. Howard admits that a Morgan Drexen representative informed Stites that the Law Office of Erik Graeff could assist her with bankruptcy. Howard admits that Stites believed that Graeff was a part of Howard Law.

57. Howard denies the allegations in paragraph 57.

58. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

*Howard and Howard Law's Answer*

62. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 and therefore denies them.

63. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies them.

64. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 and therefore denies them.

65. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies them.

66. Howard admits the allegations in paragraph 66.

67. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies them.

68. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 and therefore denies them.

69. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70. Howard admits the Rennie Fee Disclosure, the terms of which speak for themselves, and Howard therefore denies the remaining allegations contained in paragraph 70.

71. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 and therefore denies them.

*Howard and Howard Law's Answer*

72. Howard admits the allegations in paragraph 72.

73. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74. Howard admits the allegations in paragraph 74.

75. Howard admits the Clements Stipulated Order, the terms of which speak for themselves, and Howard therefore denies the remaining allegations contained in paragraph 75.

76. Howard admits the allegations in paragraph 76.

77. Howard admits the allegations in paragraph 77.

78. Howard admits the allegations in paragraph 78.

79. Howard admits the allegations in paragraph 79.

80. Howard admits that he provided documents to plaintiff in advance of the Rule 2004 Examination of Vincent Howard, the contents of which speaks for themselves.

81. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 and therefore denies them.

82. Howard is without knowledge or information sufficient to Conn a belief as to the truth of the allegations in paragraph 82 and therefore denies them.

83. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies them.

*Howard and Howard Law's Answer*

84. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 and therefore denies them.

85. Howard admits that Howard Law, P.C., has entered into engagement for legal representation with clients outside of California. Howard denies the remaining allegations in paragraph 85.

### FIRST CLAIM FOR RELIEF
Against Graeff and Graeff Law
Refund of Fees
11 U.S.C. § 329(b)

86. Howard admits and denies the allegations of paragraphs 1-85 as initially admitted and denied.

87. Plaintiff makes no allegations in paragraph 86 concerning Howard.

### SECOND CLAIM FOR RELIEF
Against Howard and Howard Law
Civil Penalty for Misrepresenting Services
11 U.S.C. §§ 526(a)(3), 526(c)(5)

88. Howard admits and denies the allegations of paragraphs 1-85 as initially admitted and denied.

89. Howard denies the allegations in paragraph 89, 90 and 91.

/ / /

*Howard and Howard Law's Answer*

## THIRD CLAIM FOR RELIEF
### Against Graeff and Graeff Law
### Civil Penalty for Misrepresenting Services
### 11 U.S.C. §§ 526(a)(3), 526(c)(5)

92. Howard admits and denies the allegations of paragraphs 1-85 as initially admitted and denied.

93. Plaintiff makes no allegations in paragraphs 93, 94 and 95 concerning Howard.

## FOURTH CLAIM FOR RELIEF
### Against Howard and Howard Law
### Civil Penalty for Fai ling to Perform Services
### 11 U.S.C. §§ 526(a)(I), 526(c)(5)

96. Howard admits and denies the allegations of paragraphs 1-85 as initially admitted and denied.

97. Howard denies the allegations in paragraph 97, 98 and 99.

## FIFTH CLAIM FOR RELIEF
### Against Graeff and Graeff Law
### Civil Penalty for Failure to Perform Services
### 11 U.S.C. §§ 526(a)(I), 526(c)(5)

100. Howard admits and denies the allegations of paragraphs 1-85 as initially admitted and denied.

101. Plaintiff makes no allegations in paragraphs 101, 102 and 103 concerning Howard.

/ / /

*Howard and Howard Law's Answer*

## SIXTH CLAIM FOR RELIEF
### Against Howard and Howard Law
Injunction Against Continued Violation of 11 U.S.C. § 526
11 U.S.C. § 526(c)(5)

104. Howard admits and denies the allegations of paragraphs 1-85 as initially admitted and denied.

105. Howard denies the allegations in paragraph 105.

## SEVENTH CLAIM FOR RELIEF
### Against Graeff and Graeff Law
Injunction Against Continued Violation of 1 U.S.C. § 526
11 U.S.C. § 526(c)(5)

106. Howard admits and denies the allegations of paragraphs 1-85 as initially admitted and denied.

107. Plaintiff makes no allegations in paragraph 106 concerning Howard.

## EIGHTH CLAIM FOR RELIEF
### Against Graeff
Discipline and Sanctions under the Bankruptcy Court's Inherent Authority

108. Howard admits and denies the allegations of paragraphs 1-85 as initially admitted and denied.

109. Plaintiff makes no allegations in paragraphs 109 and 110 concerning Howard.

*Howard and Howard Law's Answer*

WHEREFORE, Howard prays for relief as follows:

A. For an Order dismissing Plaintiffs claims against Howard with prejudice;

B. For Howard's costs and disbursements; and

C. For such other and further relief as this Court deems equitable and just.

Dated: May 17, 2016

/s/ Vincent Howard
Vincent Howard, Esq. for
Howard Law and Pro Se
