Carla Gowen McClurg, OSB# 165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18, Plaintiff

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Cheryl Kae Stites,<br><br>Debtor | Case No.  14-35071-rld7 |
| United States Trustee,<br><br>Plaintiff,<br><br>  v.<br><br>Vincent Howard,<br>Howard Law, P.C.,<br>Erik Graeff,<br>Law Offices of Erik Graeff, P.C.,<br><br>Defendants. | Adversary No.  16-3013-rld<br><br>**PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT** |

The Acting United States Trustee for Region 18, Gail Brehm Geiger ("Plaintiff"), the plaintiff in the above-referenced adversary proceeding (the "Stites Adversary Proceeding"), submits this Response to Defendants' Motion for Summary Judgment, Concise Statement of Material Facts, and Memorandum of Law in Support filed on November 14, 2016, ECF Nos. 52, 53, and 54 (collectively referred to herein as the "Motion").  Plaintiff has also filed Plaintiff's

**Page 1 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

Concise Statement of Additional Facts re Defendants' Motion for Summary Judgment ("Plaintiff's Concise Statement") in connection with the Court's consideration of the Motion.

## Summary of Argument

Defendants Howard Law, P.C. ("Howard Law") and Vincent Howard ("Howard") (collectively the "Howard Defendants") formed a national network of attorneys through their relationship with Morgan Drexen, Inc. ("Morgan Drexen") and hired Oregon attorneys to assist in providing services to Howard Law clients in Oregon. The Howard Defendants presented to clients what appeared to be a single law firm with Morgan Drexen as the main point of contact. Clients, including Oregon clients, believed that Howard Law, Morgan Drexen, and the national network of attorneys were part of a single enterprise.

In the Motion, the Howard Defendants argue that their inclusion of Oregon attorneys in their organization allowed them to provide services where Howard is not licensed but at the same time disclaim responsibility for the services performed by those attorneys to Howard Law clients, including services provided by Graeff and Rennie to debtor Cheryl Ann Stites ("Stites"). The Howard Defendants cannot associate themselves with Oregon attorneys to try to shield themselves from committing violations of ethical rules concerning practicing law where Howard is not licensed and then distance themselves from the same attorneys in an attempt to evade responsibility for bankruptcy assistance that was provided to clients.

The Howard Defendants also seek to evade responsibility for their misconduct by assigning a very narrow interpretation to the term "bankruptcy assistance" under 11 U.S.C. § 101(4A). But that term is extraordinarily broad and is not limited to the preparation of bankruptcy documents and filing a bankruptcy case for a client. Even services provided for the purposes of avoiding bankruptcy may constitute bankruptcy assistance. Although the Howard defendants attempt to pigeon-hole their services by the "debt settlement" label, they provided "bankruptcy assistance" to Stites within the meaning of 11 U.S.C. § 101(4A) by purportedly evaluating her debt situation and options and continuing to do so when they knew that Stites was

**Page 2 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

considering bankruptcy.

The Howard Defendants are debt relief agencies subject to 11 U.S.C. § 526. They provided bankruptcy assistance to Stites through their own conduct, the conduct of Morgan Drexen, and the conduct of the Oregon attorneys they enlisted in their enterprise. Contrary to the Howard Defendants' arguments that they did not misrepresent their services, they made numerous misrepresentations, including the implied representation that the Howard Defendants' relationships with Oregon attorneys were consistent with applicable ethics rules. In addition, the Howard Defendants falsely represented that they would actually review Stites's information to evaluate her rights and remedies and would only settle her debts when there were sufficient funds in her trust account.

## Summary of Facts

### A. The Howard Nassiri/Howard Law National Network of Attorneys

Howard Law was incorporated on July 21, 2011. Plaintiff's Concise Statement ¶1. Howard has been the president and only shareholder of Howard Law since it was formed. Plaintiff's Concise Statement ¶1. Howard previously was a partner in and/or did business as Howard Nassiri, a Limited Liability Partnership and Howard Nassiri, P.C. (collectively "Howard Nassiri"). Plaintiff's Concise Statement ¶1 and Howard Defendants' Answer ¶¶6-10.

Howard Nassiri and Howard Law offered legal services to clients throughout the United States. Plaintiff's Concise Statement ¶2. Howard Law is a successor to Howard Nassiri and assumed responsibility for Howard Nassiri's debt settlement and bankruptcy clients after Howard Nassiri ceased business. Plaintiff's Concise Statement ¶2.

Howard Nassiri and Howard Law contracted with attorneys in all 50 states (the "Howard Network Attorneys") to form a network of attorneys associated with Morgan Drexen, Inc. ("Morgan Drexen"). Plaintiff's Concise Statement ¶3. The Howard Network Attorneys included "Engagement Counsel," whose name was listed on the initial fee agreements with clients, and

**Page 3 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

"Local Counsel," who provided some services for clients of Engagement Counsel. Plaintiff's Concise Statement ¶3. Howard Law's professional malpractice insurance included Howard Network Attorneys, including Oregon attorneys. Plaintiff's Concise Statement ¶4

Howard Nassiri and Howard Law, who were Engagement Counsel, offered bankruptcy and debt settlement services to Oregon residents and entered into agreements with Oregon attorneys Erik Graeff ("Graeff"), Brandon Rennie ("Rennie"), and James C. Loy ("Loy") (collectively the "Oregon Network Attorneys") to act as "Local Counsel" for Howard Nassiri's and Howard Law's clients in Oregon. Plaintiff's Concise Statement ¶5.

Graeff was an Engagement Counsel as well as Local Counsel. Graeff's Letter of Understanding with Howard Nassiri recites that Howard Nassiri shared responsibility for supervising Morgan Drexen. Plaintiff's Concise Statement ¶6. The Local Counsel agreements with Graeff and Rennie explained that Howard Nassiri/Howard Law was responsible for providing Local Counsel to all Engagement Counsel in the network. Plaintiff's Concise Statement ¶7. Thus, Local Counsel performed work for the clients of other Engagement Counsel pursuant to their agreements with Howard Law/Howard Nassiri and not pursuant to agreements with Graeff (when he was Engagement Counsel) or any other Engagement Counsel.

Howard Law held out the Oregon Network Attorneys to the public as part of the firm. For example, Graeff, Rennie, and Loy were listed as associate attorneys of Howard Law on Howard Law's website, www.howardlawpc.com, including in or about February 2015. Plaintiff's Concise Statement ¶8. Graeff, Rennie, and Loy were also named as "Regional Counsel" on letterhead sent to Oregon clients of Howard Law and in correspondence to creditors. Plaintiff's Concise Statement ¶9.

Howard Law compensated the Oregon Network Attorneys by paying them minimum monthly retainers. Howard Law paid Local Counsel Graeff, Rennie, and Loy regular monthly retainers of $750 for approving debt settlement agreements. Plaintiff's Concise Statement ¶10. In addition, Graeff, Rennie, and Loy were paid 85% of amounts billed for other consultations

**Page 4 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

with Howard Law's Oregon clients pursuant to Limited Scope Representation agreements that Howard Law clients entered into with Oregon Network Attorneys. Plaintiff's Concise Statement ¶10. Howard Law retained 15% of the amounts billed. Plaintiff's Concise Statement ¶10.

**B. Morgan Drexen's Comprehensive Services and Nearly-Exclusive Contact with Howard Law Clients**

At all times pertinent to the Stites Adversary Proceeding, Howard Nassiri and Howard Law used Morgan Drexen for administrative and legal support services. Plaintiff's Concise Statement ¶11. Morgan Drexen was located in the same building as Howard Law in Costa Mesa, California. Plaintiff's Concise Statement ¶11.

Morgan Drexen's services included providing a license to access software created by Morgan Drexen, Morgan Drexen Integrated Systems ("MDIS"), which was a web-based client communication and management system for lawyers, a web portal, and automated forms and letters; administrative support, including staffing a call center for clients to assist in answering telephone calls from clients and creditors and in the intake of all client information, the unsecured debt negotiations and settlement legal services; technical support, including web and software support; marketing and advertising services; and accounting and bank account services, including management of attorney general, disbursement, and trust accounts. Plaintiff's Concise Statement ¶12.

Howard Law clients' primary contact throughout their representation was with employees of Morgan Drexen. Plaintiff's Concise Statement ¶13. Morgan Drexen's contact information, including its address and phone number, was generally the only contact information provided to Howard Law clients, including Oregon clients. Plaintiff's Concise Statement ¶13. Clients generally did not talk to an attorney unless they asked to speak to one and, in that event, generally had to request appointments with Oregon Network Attorneys through Morgan Drexen. Plaintiff's Concise Statement ¶13. Oregon Network Attorneys used Morgan Drexen's services when providing services to Howard Law's Oregon clients. Plaintiff's Concise Statement ¶14.

**Page 5 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

### C. Howard Law Client – Cheryl Kae Stites

Morgan Drexen's communications with clients were of such a nature and breadth that Stites believed that she hired Morgan Drexen to provide her with services. Plaintiff's Concise Statement ¶17.

Stites first contacted Morgan Drexen by phone in about September 2007 (the "First Call") in response to an advertisement for bankruptcy services. Plaintiff's Concise Statement ¶15. Stites was interested in bankruptcy services at the time of the First Call. Plaintiff's Concise Statement ¶15. When Stites expressed her interest in bankruptcy services, she was told by the Morgan Drexen representative that bankruptcy "was the final process" and that if she "wanted to file the bankruptcy, then [she] could do that bankruptcy." Plaintiff's Concise Statement ¶16.

Although Stites expressed interest in bankruptcy, she was convinced to sign a contract with Howard Nassiri for services to resolve her debt on October 1, 2007 (the "Howard Engagement Agreement"). The Howard Engagement Agreement provided, in paragraph 2.a that the services to be provided to Stites included, among other services: "[Howard Law] will review and analyze relevant documents to determine your legal rights and remedies pertaining to your Debt." Plaintiff's Concise Statement ¶20.

According to monthly statements provided to Plaintiff, Howard Nassiri and Howard Law collected net payments from Stites of $10,372.72 between September 29, 2007 and November 19, 2012. Plaintiff's Concise Statement ¶18. Of the amount of funds collected from Stites by Howard Nassiri and Howard Law, only $2,404.27 was paid to Stites's creditors as settlements. Plaintiff's Concise Statement ¶19.

During the course of Stites's interactions with Morgan Drexen staff, she discussed bankruptcy with them on two occasions in May and June 2009. Plaintiff's Concise Statement ¶21.

Howard Law set in motion the chain of events that led to Stites's bankruptcy filing. On April 28, 2011, Howard Law issued a check for $288.27 to Palisades Collection LLC

**Page 6 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

("Palisades") to purportedly settle a debt owed by Stites to Chase in installments. Plaintiff's Concise Statement ¶30. Stites was charged a contingency fee of $2,064.66 by Howard Law for the settlement. Plaintiff's Concise Statement ¶30. After payment of the first installment to Palisades and the charge for the contingency fee by Howard Law, Stites had a negative trust balance of $100 at the end of April 2011. Plaintiff's Concise Statement ¶30. The next payment due to Palisades in May 2011 under the alleged settlement was $85. Plaintiff's Concise Statement ¶30. After payment of the $45 monthly maintenance fee, Stites's monthly ACH withdrawal by Howard Law of $175 would not have been sufficient to make the May 2011 payment. Plaintiff's Concise Statement ¶30. The purported settlement with Palisades was not financially feasible at the time it was made and ultimately doomed Stites to being sued by Palisades and filing bankruptcy to discharge that debt. Plaintiff's Concise Statement ¶30.

Moreover, the Palisades settlement occurred at a time when Howard Law knew that Stites was in a precarious financial condition. Several of the automatic withdrawals from her account had been rejected due to insufficient funds and Stites on April 18, 2011 advised Morgan Drexen that she lost her job and requested to skip her monthly payment. Plaintiff's Response to Howard Defendants' Concise Statement ¶1.

After Stites was sued by Palisades to collect on the Chase debt, Stites signed a Limited Scope Representation Agreement with Graeff on April 12, 2012 to assist her with the lawsuit. Plaintiff's Concise Statement ¶22. The heading of the agreement includes, "Erik Graeff, Esq., State of Howard Law, P.C., Of Counsel to Howard Law, P.C." Plaintiff's Concise Statement ¶22. Graeff consulted with Stites after she signed the Limited Scope Representation Agreement by phone on June 28, 2012; August 23, 2012; September 17, 2012; and September 27, 2012. Plaintiff's Concise Statement ¶23. Howard Law charged Stites fees for her consultations with Graeff. Plaintiff's Concise Statement ¶24.

Following a garnishment by Palisades in October 2012, Stites was advised by a Morgan Drexen representative to file bankruptcy. Plaintiff's Concise Statement ¶25. Monthly statements

**Page 7 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

provided to Plaintiff show a ledger debit from Howard Law of $1,155.12 and a corresponding ledger credit to Graeff Law of $1,155.12 on November 19, 2012. Plaintiff could not trace this alleged transfer to statements for bank accounts for Howard Law or the Law Offices of Erik Graeff, P.C. ("Graeff Law"). Plaintiff's Concise Statement ¶26.

Stites had no written agreement with Graeff or Graeff Law other than the Limited Scope Representation Agreement. Stites was transferred to Rennie for the bankruptcy case representation but did not sign a written agreement with Rennie's law firm, Rennie Law, LLC until August 28, 2014. Plaintiff's Concise Statement ¶28. Stites testified during the Stites 2004 Exam that she did not know why she was transferred from Graeff to Rennie to assist her with bankruptcy and that Morgan Drexen advised her of the reassignment at the last minute. Plaintiff's Concise Statement ¶27. Rennie Law issued a check to Graeff on September 12, 2014 for $520. Rennie Law also issued a check on September 12, 2014 for $455 to Morgan Drexen for its services in preparing Stites's bankruptcy documents. Plaintiff's Concise Statement ¶29.

## Legal Analysis

### A. The Howard Defendants' Failure to Satisfy Summary Judgment Standard and Burden

Pursuant to Fed. R. Civ. P. 56(a) made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7056, summary judgment may be ordered only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The evidence, and all reasonable inferences therefrom, must be viewed in the light most favorable to the non-moving party. *Arrow Elecs., Inc. v. Justus* (*In re Kaypro*), 218 F.3d 1070, 1073 (9th Cir. 2000) (citing *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987)). The nonexistence of a factual dispute is a mere predicate to summary judgment, and is never, by itself, dispositive of the motion. 11-56 *Moore's Federal Practice – Civil* § 56.02[2].

**Page 8 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific genuine issues of material fact which must be decided by the factfinder at trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

As set forth in Plaintiff's Response to the Howard Defendants' Concise Statement, there are genuine issues of material fact and the Howard Defendants are not entitled to judgment as a matter of law. The numerous declarations filed by the Howard Defendants demonstrate that many of the facts asserted are new facts that are disputed and facts that Plaintiff has not had the opportunity to investigate and evaluate, in part, due to the Howard Defendant's failure to cooperate in discovery and concealment and apparent false statements regarding the existence of evidence in the possession of the Howard Defendants. *See* ECF No. 45 (Plaintiff's Motion to Compel and for Expenses filed on November 4, 2016).

The existence of genuine issues of material fact alone justifies the denial of the Motion as the disputed facts should be determined by the Court after a trial on the merits after the parties have presented their evidence. The Howard Defendants have failed to satisfy their burden, and the Motion should therefore be denied.

## B. The Howard Defendants Violations of Ethics Requirements and Concomitant Responsibility for Vacillating Portrayal of their Relationship with Oregon Attorneys

The Howard Defendants argue in one part of the Motion that the Oregon Network Attorneys were part of the same firm due to an "of counsel" relationship but argue elsewhere that the Howard Defendants are not responsible for the services provided by those attorneys, including services that constitute providing bankruptcy assistance. *See* 11 U.S.C. §§ 101(4A) (defining "bankruptcy assistance"), 101(12A) (defining "debt relief agency"), 526-528 (debt relief agency restrictions and requirements). As explained *infra*, the definition of "bankruptcy assistance" is substantially broader than asserted by the Howard Defendants who themselves provided bankruptcy assistance to Stites. In addition, the Howard Defendants are responsible for

**Page 9 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

the actions of Morgan Drexen and the Oregon Network Attorneys because they held themselves out to clients, including Stites, as a single enterprise.

Howard is not licensed to practice law in Oregon and hired Oregon attorneys in an attempt to legitimize Howard Law's practice of law in Oregon without a license. Howard also used Morgan Drexen as a single point of contact for all Howard Law clients such that clients' primary contacts were with Morgan Drexen employees. In fact, Stites believed that she had hired Morgan Drexen. Howard Law clients were induced to believe, through the Howard Defendants' use of Morgan Drexen and Howard Network Attorneys, that they were all part of the same enterprise. Distinctions between "Local Counsel" and "Engagement Counsel" were not included in communications with clients. In fact, letterhead to clients and creditors listed Oregon Network attorneys as "Regional Counsel" for Howard Law. The Oregon Network Attorneys were even listed on the Howard Law website as associates of Howard Law.

Howard Law practiced law in Oregon and shared fees with the Oregon Network Attorneys. While Howard Law's multi-jurisdictional practice seemingly did not comply with Rule 5.5(c)[1] of the Oregon Rules of Professional Conduct ("ORPC"), the Howard Defendants represented to clients and others that their practice of law and sharing of fees[2] (by collecting fees

---

[1] ORPC 5.5(c) provides:

A lawyer admitted in another jurisdiction, and not disbarred or suspended from practice in any other jurisdiction, may provide legal services on a *temporary* basis in this jurisdiction . . . . (emphasis added).

[2] ORPC 1.5(d) provides:

A division of a fee between lawyers who are not in the same firm may be made only if:

    (1) The client gives informed consent to the fact that there will be a division of fees, and

    (2) The total fees of the lawyers for all legal services they rendered the client is not clearly excessive.

California Rule of Professional Conduct 2-200 provides:

    (A) A member shall not divide a fee for legal services with a lawyer who is not a partner of, associate of, or shareholder of the member unless:

**Page 10 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

from clients for limited scope services and retaining 15%) was consistent with ethical requirements.

The Howard Defendants cannot, on one hand, argue that their multi-jurisdictional practice of law and division of fees with the Oregon Network Attorneys is consistent with ethical requirements, and, on the other hand, disclaim responsibility for the actions of the Oregon Network Attorneys.

Moreover, the Howard Defendants are responsible for the conduct of Morgan Drexen in providing legal services. *See* California Rules of Professional Conduct ("CRPC") 1-300(A) ("A member shall not aid any person or entity in the unauthorized practice of law."); ORPC 5.3(a) ("[A] lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer."); ORPC 5.3(b) ("[E]xcept as provided by Rule 8.4(b), a lawyer shall be responsible for conduct of such person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if: (1) the lawyer orders . . . or ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority . . . and knows of the conduct at the time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.").

The Howard Defendants are accountable for the actions of and services provided to clients by Morgan Drexen and the Oregon Network Attorneys. The Howard Defendants held out to clients and the public that Howard Law was a national law firm and that the Oregon Network Attorneys were Howard Law attorneys. The Howard Defendants had control over attorney assignments. For example, in the Stites case, Morgan Drexen representatives reassigned Stites from Graeff to Rennie on short notice and without explanation to Stites for her bankruptcy

---

(1) The client has consented in writing thereto after full disclosure has been made in writing that a division of fees will be made and the terms of such division; and

(2) The total fee charged by all lawyers is not increased solely by reason of the provision for division of fees and is not unconscionable as that term is defined in Rule 4-200.

**Page 11 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

matter.  To the extent that Morgan Drexen and/or the Oregon Network Attorneys provided bankruptcy assistance to Stites, they did so on behalf of Howard Law who held itself out to the public as a national law firm, controlled local attorney assignments, and paid those attorneys.

### C. "Bankruptcy Assistance" Is Broadly Defined and Includes the Services Provided by Howard Law to Stites

Sections 526 through 528 of the Bankruptcy Code set forth requirements and restrictions for debt relief agencies.  The term "debt relief agency" means "any person who provides bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer.  11 U.S.C. § 101(12A).  The definition of "bankruptcy assistance" in section 101(4A) is broad:

> The term "bankruptcy assistance" means any goods or services sold or otherwise provided to an assisted person with the express or implied purpose of providing information, advice, counsel, document preparation, or filing, or attendance at creditors' meeting or appearing in a case or proceeding on behalf of another or providing legal representation with respect to a case or proceeding under this title.

Section 526 was enacted in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act "to correct perceived abuses of the bankruptcy system."  *Milavetz, Gallop & Milavetz, P.A. v. United States*, 559 U.S. 229, 231-32 (2010); *Hersh v. United States*, 553 F.3d 743, 746 (5th Cir. 2008) ("BAPCPA is a 'comprehensive package of reform measures' designed to improve bankruptcy law and practice by restoring personal responsibility and integrity in the bankruptcy system and ensure that the system is fair to both debtors and creditors").  Attorneys who provide bankruptcy assistance to assisted persons are debt relief agencies.  *Milavetz*, 559 U.S. at 239.

The Howard Defendants argue that they did not provide bankruptcy assistance to Stites because the Engagement Agreement did not expressly provide that Howard Law would represent

**Page 12 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld   Doc 56   Filed 11/28/16

her in a bankruptcy case; because of "Howard Law's disengagement and Graeff Law's

engagement for bankruptcy services;" and because, according to Howard Law, in connection

with the exchange of drafts of a Stipulated Order to Disgorge Attorneys' Fees and Costs

Pursuant to 11 U.S.C. §329(b) and Regarding Representation of Debtor entered on December 18,

2012, in the case of *In re Peggy Louise Clements*, Bankruptcy Case No. 12-60336-tmr7 (the

"Clements Stipulated Order"), "the UST permitted Graeff to continue representing a debtor in

bankruptcy court provided 'Erik Graeff's services are provided without any involvement with

Howard Law."[3]

The Howard Defendants selectively quote from language in the Engagement Agreement

that provides (in full):

> 5. <u>FUTURE SERVICES:</u>  Attorneys will be providing those
> services described above for the negotiation and settlement of your
> debt.  Those services do not include litigation or bankruptcy
> services.  Representation as to such legal matters may be made
> available under a separate agreement.  The separate agreement will
> address the terms and scope of such representation, as well as the
> additional charges for any additional services.  You understand that
> such matters are always time sensitive and that you must notify
> Attorneys immediately and provide Attorneys with all necessary
> paperwork in order to allow Attorneys to effectively provide such
> representation.

The Howard Defendants highlight only the language in the Engagement Agreement that provides

that services for a bankruptcy filing "may be made under a separate agreement."  However,

taking the language of paragraph 5 of the Engagement Agreement as a whole, the clear import of

the paragraph is: Howard Nassiri would provide bankruptcy services to Stites under a new

---

[3] Plaintiff does not understand the Howard Defendants' arguments pertaining to the *Clements*
case.  To the extent the Howard Defendants are attempting to use communications subject to
Rule 408 of the Federal Rules of Evidence, Plaintiff objects.  In addition, Plaintiff notes that the
Howard Defendants made a request to depose United States Trustee Trial Attorney, P. Rebecca
Kamitsuka on October 26, 2016 (nine days before the discovery cutoff deadline), Plaintiff made
arrangements for Ms. Kamitsuka to testify before the expiration of the deadline despite the short
notice, and the Howard Defendants, without explanation, cancelled the deposition of Ms.
Kamitsuka the day before it was scheduled to occur.

**Page 13 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld   Doc 56   Filed 11/28/16

agreement where she would be charged even more in fees and that she needed to notify Howard Nassiri immediately and provide Howard Nassiri with paperwork to allow Howard Nassiri "to effectively provide such representation." Therefore, the Engagement Agreement expressly agreed to provide legal services for bankruptcy in the future to Stites.

Other sections of the Engagement Agreement also implied to Stites that Howard Nassiri would provide her with more than debt negotiation services. For example, paragraph 2.a of the Engagement Agreement promised that "Attorneys will review and analyze relevant documents to determine your legal rights and remedies pertaining to your Debt." Such language implied to Stites that an attorney would review her financial situation and debts and determine her legal rights and remedies, of which bankruptcy was an option. In fact, "negotiations to prevent bankruptcy may demonstrate that the thought of bankruptcy was the impelling cause of the payment." *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 479 (1933). "'A man is usually very much in contemplation of a result which he employs counsel to avoid.'" *Id*. (quoting *Furth v. Stahl*, 205 Pa. St. 439, 442 (Pa. 1903)).

The definition of "bankruptcy assistance" in section 101(4A) includes the provision of goods or services with the express or *implied* purpose of providing "information, advice, counsel, document preparation . . . with respect to a case proceeding under [title 11]." 11 U.S.C. § 101(4A) (emphasis added). The terms and import of the Engagement Agreement expressly and impliedly had the purpose of providing Stites with bankruptcy information, advice, and counsel, including whether or not a bankruptcy was an appropriate legal right or remedy that she should consider. Moreover, the name on an engagement agreement does not control the issue of whether an attorney or debt relief agency provided bankruptcy assistance. *Huffman v. Legal Helpers Debt Resolution, LLC*, 505 B.R. 726, 760-63 (Bankr. D. Miss. 2014).

Furthermore, the Howard Defendants through Morgan Drexen advised Stites to file a bankruptcy case according to Stites's sworn testimony. The Howard Defendants dispute Stites's testimony and seem to argue that because the Stites Log Notes do not contain a note in which the

**Page 14 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

Morgan Drexen representative advised Stites to file bankruptcy, the advice was not given. The Howard Defendants' argument relies on a material fact that is in dispute and not appropriate for disposition on summary judgment. Evaluating the credibility of witnesses and the authenticity and weight to be given to records created by one party is a task for the Court after a trial. *See id.* at 762 ("This Court does not give much weight to the Call Log because it is clearly not a transcript of everything that Huffman and the Eclipse Rep said.").

The Stites Log Notes that the Howard Defendants proffer to try to counter Stites's sworn testimony that a Morgan Drexen representative advised her to file bankruptcy show that Stites told Morgan Drexen representatives on two occasions in 2009 that she was contemplating filing for bankruptcy. Continuing to provide debt negotiation services while Stites was contemplating bankruptcy constitutes bankruptcy assistance.

Howard Law further provided bankruptcy assistance in negotiating a purported settlement with Palisades that was not financially feasible for Stites and that ultimately doomed her to bankruptcy. Howard Law through Morgan Drexen and Graeff provided Stites with ill-advised pleadings and advice to defend herself in the collection action initiated by Palisades against her, which ultimately ended with a judgment and garnishment of her bank account. The garnishment triggered Stites's decision to file bankruptcy after consulting with a Morgan Drexen representative, whereupon Stites was referred to Graeff to assist her with bankruptcy and ledger entries were made to debit Howard Law's account and credit Graeff Law's account in payment of fees for a bankruptcy filing for Stites.

The Howard Defendants' reliance on the draft Clements Stipulated Order to argue that they did not provide bankruptcy assistance to Stites is unsound. In fact, the Clements Stipulated Order shows that the Howard Defendants learned in 2012 that their provision of services in Oregon was not legally or ethically appropriate and that they nevertheless continued to provide those services to Oregon residents, including Stites.

**Page 15 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

Thus, Howard Law (and Howard Law as successor) expressly and impliedly offered to provide bankruptcy assistance to Stites in the Engagement Agreement. Howard Law then, through Morgan Drexen, provided legal advice to Stites to file a bankruptcy case following a financially impossible settlement that triggered catastrophic financial and emotional consequences for Stites. The Howard Defendants are debt relief agencies under section 526 and are subject to its consequences. Holding the Howard Defendants accountable as debt relief agencies under section 526 is consistent with the purpose and spirit of BAPCPA's intent to address the kind of abuse perpetrated by the Howard Defendants on Stites.

### D. Howard Law Received Compensation from Stites

Howard Law collected $10,372.72 from Stites from September 29, 2007 through November 19, 2012. Of that amount, Howard Law only paid Stites's creditors $2,404.34 and credited $1,155.12 to Graeff Law on Stites's behalf. Howard Law and/or Howard retained the balance of $6,813.33 in fees and charges. Despite the thousands of dollars retained by Howard Law and/or Howard from funds paid by Stites, the Howard Defendants incredibly argue that they received no compensation and therefore are not debt relief agencies.

Stites paid Howard Law thousands of dollars for its promised services. As set forth above, those services included bankruptcy assistance. The Howard Defendants are thus debt relief agencies and should be held accountable for their conduct under section 526. *See Huffman*, 505 B.R. at 759-62 (holding that Legal Helpers was a debt relief agency based on the debtor's payment for promised services, which included bankruptcy assistance).

### E. Howard Misrepresented Services and Failed to Provide Services

In the Complaint filed in the Stites Adversary Proceeding, Plaintiff alleged claims against the Howard Defendants for misrepresentation of services and failing to perform them.

Plaintiff asserted in the Complaint that the Howard Defendants violated 11 U.S.C. § 526(a)(3) by misrepresenting the services that they would provide to Stites in one or more of

**Page 16 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

the following respects, by representing that: (a) Howard, Howard Nassiri, and Howard Law could provide legal assistance to her as an Oregon resident; (b) Howard Nassiri and Howard Law would review and analyze relevant documents to determine Stites's legal rights and remedies pertaining to her unsecured debts; (c) Stites would be provided with a copy of all settlement letters; and (d) Howard Nassiri and Howard Law would explain to creditors that a settlement could only be offered when funds were available in the trust account and that time was required to build up these funds.

The Howard Defendants assert that their representations to Stites were not false because (a) Loy and Graeff were "members of Howard Law" and licensed to practice in Oregon; (b) Loy and Graeff did review Stites's documents and make a determination of her rights and remedies; (c) Stites was provided with copies of settlement letters; and (d) the Engagement Agreement permitted settlements other than in lump sums.

The Howard Defendants' arguments should be rejected because they rely on material facts that are in dispute as set forth in Plaintiff's Response to the Howard Defendants' Concise Statement.

The Howard Defendants' pleadings are replete with contradictory arguments and statements regarding the relationship between the Howard Defendants and the Oregon Network Attorneys. While the Howard Defendants argue that Loy and Graeff were "members of Howard Law" for purposes of attempting to avoid admitting violating ethics rules regarding unauthorized practice of law by Howard in Oregon, the Howard Defendants argue that they should also not be responsible for the actions of the Oregon Network Attorneys. Plaintiff disagrees that the Howard Defendants' "of counsel" arrangement satisfies the requirements of ORPC 5.5 regarding multijurisdictional practice in Oregon, because an out-of-state attorney may provide legal services in Oregon only on a temporary basis through an association with an Oregon attorney. The Howard Defendants had a systematic and continuous presence in Oregon and offered legal services to Oregon residents while representing that their relationship with the Oregon Network

**Page 17 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

Attorneys was such that they complied with Oregon ethics requirements. This representation was false and misleading and caused numerous clients, including Stites, substantial financial and emotional damage.

Plaintiff disputes that any attorney analyzed Stites's file and determined that debt settlement, rather than bankruptcy or some other alternative, was the most appropriate legal remedy. In fact, Stites did not even talk to an attorney until she was sued by Palisades for the ill-advised and financially impossible settlement purportedly negotiated on her behalf by Howard Law.

While Plaintiff admits that letters to Stites regarding an installment settlement with Palisades were produced in response to the Morgan Drexen Subpoena, Plaintiff disputes that Stites actually received and understood those letters.

Moreover, Plaintiff asserts that the purported installment settlement with Palisades was contrary to promises made in the Howard Engagement Agreement. Paragraph 9 of the Engagement Agreement, provided, in part: "Attorneys will discuss with you an approximate range of expected settlement of your Debt. You hereby agree to settlement within that range without your prior approval unless you provide Attorneys with written notice to the contrary." In addition, paragraph 2.e of the Howard Engagement Agreement states, in part: "We will explain to your creditors that a settlement can only be offered when funds are available in your trust account, and that time is required for you to build up these funds." This language suggests a lump-sum settlement within a range to clients.

The Plaintiff alleged in the Complaint that the Howard Defendants also violated section 526(a)(1) by failing to provide the promised services by: (a) failing to review and analyze relevant documents to determine Stites's legal rights and remedies pertaining to her unsecured debts, including without limitation the Chase Debt assigned to Palisades for collection; (b) failing to provide Stites with a copy of at least the settlement letter with Palisades, and (c) negotiating for the settlement of the Chase Debt with Palisades in installments instead of a

**Page 18 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

lump sum as contemplated by the Howard Engagement Agreement.

The Howard Defendants argue that they provided the promised services and rely on disputed material facts in support of the argument. As explained *supra*, the Howard Defendants' reliance on disputed material facts on summary judgment is not appropriate.

Moreover, undisputed material facts support the opposite conclusion – the Howard Defendants failed to provide promised services to Stites. The Howard Defendants failed to counsel Stites regarding alternatives for handling debt issues, including bankruptcy, or other remedies available to her in light of her limited income and eventually her judgment-proof status. Howard Law also, through the ill-advised and financially impossible purported settlement with Palisades, set in motion a chain of events that caused Stites to be sued and garnished and ultimately file bankruptcy. The Howard Defendants clearly failed to provide promised services to Stites and failed her as her attorney.

The Howard Defendants assert that a letter regarding the purported settlement with Palisades was sent to Stites. Plaintiff disputes whether Stites received the letter, and if she did, she understood it called for settlement of her debt in installments after payment of an up-front contingency fee to Howard Law of $2,064.66.

As set forth *supra*, Plaintiff asserts that the Engagement Agreement did not provide for the settlement of Stites's debts in installments and that Howard Law therefore failed to provide the services it agreed to provide to Stites. The installment settlement was not in Stites's interests, but was in the interests of the Howard Defendants in extracting fees from Stites and caused catastrophic consequences for her. The Howard Defendants' conduct in connection with the purported settlement reached for Stites is a failure to provide services under section 526(a)(1).

## Conclusion

The Motion should be denied because many of the material facts are disputed; the Howard Defendants have failed to satisfy the summary judgment standard and burden; and the Howard Defendants are not entitled to judgment as a matter of law.

**Page 19 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

DATED this 28th day of November, 2016.

Respectfully submitted,
GAIL BREHM GEIGER
Acting U.S. Trustee for Region 18


 /s/ Carla Gowen McClurg
Carla Gowen McClurg, OSB# 165144
Trial Attorney

**Page 20 – PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Case 16-03013-rld    Doc 56    Filed 11/28/16

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2016 I served a copy of the foregoing PLAINTIFF

UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' MOTION FOR

SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT by mailing a copy

of this document, by United States first class mail, postage prepaid, addressed to the following:


Vincent Howard
2099 S State College Blvd #600
Anaheim, CA 92806

Howard Law, P.C.
Vincent Howard
2099 S State College Blvd #600
Anaheim, CA 92806

Jeffrey A. Katz
1919 N Heliotrope Dr
Santa Ana, CA 92706


GAIL BREHM GEIGER
Acting U.S. Trustee for Region 18


 /s/ Carla Gowen McClurg
Carla Gowen McClurg, OSB# 165144
Trial Attorney
