Carla Gowen McClurg, OSB# 165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18, Plaintiff

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Cheryl Kae Stites,<br><br>Debtors. | Case No.   14-35071-rld7 |
| United States Trustee,<br><br>Plaintiff,<br><br>  v.<br><br>Vincent Howard,<br>Howard Law, P.C.,<br>Erik Graeff,<br>Law Offices of Erik Graeff, P.C.,<br><br>Defendants. | Adversary No.   16-3013-rld<br><br>**PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS' CONCISE STATEMENT OF FACTS** |

The Acting United States Trustee for Region 18, Gail Brehm Geiger, the plaintiff in the above-referenced adversary proceeding ("Plaintiff"), responds to Defendants' Concise Statement of Material Facts in Support of Motion for Partial Summary Judgment ("Defendants' Concise Statement"), ECF No. 53, filed on November 14, 2016 as follows:

1.        Plaintiff admits that Exhibit A attached to the Declaration of Vincent Howard in Support of Defendants' Motion for Summary Judgment (the "Howard Declaration") is a true and

correct copy of the Debt Negotiation/Settlement Attorney/Client Fee Agreement between Howard Law, P.C. ("Howard Law") and Cheryl Kae Stites ("Stites") (the "Howard Engagement Agreement"). The language of the Howard Engagement Agreement speaks for itself. Plaintiff denies that the Howard Engagement Agreement was limited to debt resolution services only. The Scope of Legal Services set forth in paragraph 2.a of the Howard Engagement Agreement included, among other services: "[Howard Law] will review and analyze relevant documents to determine your legal rights and remedies pertaining to your Debt." Plaintiff asserts that the services offered in the Howard Engagement Agreement therefore included an evaluation of Stites's financial and debt situation, including whether bankruptcy was an appropriate remedy. Moreover, as set forth in Plaintiff United States Trustee's Concise Statement of Facts ("Plaintiff's Statement of Facts"), Vincent Howard ("Howard") and Howard Law, through Morgan Drexen and the Howard Law national network of attorneys, held themselves out to clients as providing integrated legal services to address clients' debt issues, including bankruptcy, debt settlement, and consumer defense. The Howard Law national network of attorneys included Oregon attorneys James Loy ("Loy"), Brandon Rennie ("Rennie"), Erik Graeff ("Graeff") and the Law Offices of Erik Graeff, P.C. ("Graeff Law"). Furthermore, Plaintiff asserts that Howard Law's conduct in agreeing to an alleged installment settlement on Stites's behalf with Palisades Collection, LLC ("Palisades") occurred at time when Howard Law knew Stites was in a precarious financial condition, which ultimately triggered disastrous financial consequences for Stites ultimately ending in a bankruptcy filing. The purported settlement with Palisades was agreed to on Stites's behalf on April 27, 2011 nine days after Stites informed a Morgan Drexen representative that she lost her job and needed to skip her monthly payment. **Exhibit 2.**

2. Plaintiff disputes that Howard Law did not advise Stites, through Morgan Drexen, to file bankruptcy. Stites testified during her meeting of creditors on October 8, 2014 (the "Stites 341 Meeting") that Morgan Drexen advised her to file bankruptcy. **Exhibit 1**, p. 3, li. 20 – p. 4, li. 9. As set forth in paragraph 1 above, Howard Law acted through Morgan Drexen and its

national network of attorneys, and actions taken by Morgan Drexen are attributable to Howard Law.

3. Plaintiff admits that a copy of the letter dated November 1, 2012, attached as Exhibit B to the Declaration of Angelica Zavala (the "Zavala Declaration"), is a true and correct copy of a letter provide to Plaintiff in in response to a subpoena dated July 8, 2016 directed to the chapter 7 trustee of Morgan Drexen, Inc. However, Plaintiff disputes that Stites received and understood the letter dated November 1, 2012 or that the letter had any effect on Howard Law's responsibility for the actions of Graeff as a Howard Law network attorney. Plaintiff cannot respond to the second sentence of paragraph 3 of Defendants' Concise Statement because it is vague and inappropriately attempts to reference identified settlement communications in violation of Rule 408 of the Federal Rules of Evidence.[1] Plaintiff does not understand why the second sentence of paragraph 3 of Defendants' Concise Statement references Exhibit B to the Howard Declaration, which is a letter dated March 26, 2008 to Washington Mutual.

4. Plaintiff is unable to indicate whether she disputes the facts outlined in paragraph 4 because no date parameters are included and the term "of counsel" is not defined. Plaintiff agrees that Loy signed Local Counsel Engagement Letters with Howard Nassiri, LLP ("Howard Nassiri") on August 6, 2007 and on February 27, 2009 (collectively the "Loy Engagement Letters"). **Exhibit 3** contains true and correct copies of the Loy Engagement Agreements provided to Plaintiff. Plaintiff admits that Graeff signed a Local Counsel Engagement Letter on October 29, 2010 with Howard Nassiri; an Amendment to Local Counsel Engagement Agreement with Howard Law on August 23, 2011; and a Letter of Understanding with Howard

---

[1] Plaintiff does not understand the Howard Defendants' arguments pertaining to the in the case of *In re Peggy Louise Clements*, Bankruptcy Case No. 12-60336-tmr7. To the extent that the Howard Defendants are attempting to use communications subject to Rule 408 of the Federal Rules of Evidence, Plaintiff objects. In addition, Plaintiff notes that the Howard Defendants made a request to depose United States Trustee Trial Attorney, P. Rebecca Kamitsuka on October 26, 2016 (nine days before the discovery cutoff deadline), Plaintiff made arrangements for Ms. Kamitsuka to testify before the expiration of the deadline despite the short notice, and the Howard Defendants, without explanation, cancelled the deposition of Ms. Kamitsuka the day before it was scheduled to occur.

Law on July 14, 2011 (collectively the "Graeff Engagement Letters"). **Exhibit 4** contains true and correct copies of the Graeff Engagement Letters provided to Plaintiff.

5.       Plaintiff admits that the log notes for Stites's file with Howard Law as provided to Plaintiff by counsel for the Howard Defendants on October 25, 2016 (the "Stites Log Notes") show that Graeff had consultations with Stites by phone on June 28, 2012; August 23, 2012; September 17, 2012; and September 27, 2012. **Exhibit 5** is a true and correct copy of the excerpts from the Stites Log Notes reflecting these entries. Plaintiff admits that an entry by Graeff dated August 23, 2012 in the Stites Log Notes provides: "Consultation Done. Docs Not Needed; done. Client's only income is SS disability. She rents[,] she's judgment proof." **Exhibit 5**, p. 2.

6.       Plaintiff disputes that Stites received complete documentation of a settlement with Palisades. Plaintiff admits that the documents provided in response to the Morgan Drexen Subpoena included the letter attached hereto as **Exhibit 6.**

7.       Plaintiff admits the facts set forth in paragraph 7.

8.       Plaintiff disputes paragraph 8. The Howard Engagement Agreement, Exhibit A to the Howard Declaration, paragraph 9, provides, in part:

> Attorneys will discuss with you an approximate range of expected settlement of your Debt. You hereby agree to settlement within that range without your prior approval unless you provide Attorneys with written notice to the contrary.

In addition, paragraph 2.e. of the Howard Engagement Agreement states, in part:

> We will explain to your creditors that a settlement can only be offered when funds are available in your trust account, and that time is required for you to build up these funds.

The above language suggests a lump-sum settlement within a range to clients.

DATED this 28th day of November, 2016.

Respectfully submitted,
GAIL BREHM GEIGER
Acting U.S. Trustee for Region 18


 /s/ Carla Gowen McClurg
Carla Gowen McClurg, OSB# 165144
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2016 I served a copy of the foregoing

PLAINTIFF UNITED STATES TRUSTEE'S RESPONSE TO DEFENDANTS'

CONCISE STATEMENT OF FACTS by mailing a copy of this document, by United

States first class mail, postage prepaid, addressed to the following:

Jeffrey A. Katz
1919 N. Heliotrope Dr.
Santa Ana, CA 92706

Vincent Howard
2099 S. State College Blvd., Suite 600
Anaheim, CA 92806

Howard Law, P.C.
Vincent Howard
2099 S State College Blvd #600
Anaheim, CA 92806

GAIL BREHM GEIGER
Acting U.S. Trustee for Region 18

 /s/ Carla Gowen McClurg
Carla Gowen McClurg, OSB# 165144
Trial Attorney

# Exhibit 1

1              UNITED STATES BANKRUPTCY COURT
                FOR THE DISTRICT OF OREGON

2

3  IN RE:                     :      Case No. 14-35071 -rld

4  CHERYL KAE STITES,        :      Chapter 7

5      Debtor.            :      Portland, Oregon
                               October 8, 2014

6                        :

7  : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

8

9           TRANSCRIPT OF 341(a) MEETING OF CREDITORS

10

APPEARANCES:

11

For the Debtor:             SUSAN M. MUZIK, ESQ.
12                       888 SW 5th Avenue, Suite 650
                         Portland OR  97204

13

14                           For

                       BRANDON K. RENNIE, ESQ.
15                       336 W. 6th Street
                       Medford, OR  97501

16

ALSO PRESENT:              PETER C. McKITTRICK
17                       Chapter 7 Trustee
                       515 NW Saltzman Road, PMB #917
18                       Portland, OR  97229

19

20  TRANSCRIPT PREPARED BY:     Janice Russell Transcripts
                       1133 Tanager Trail
21                       Virginia Beach, VA  23451
                       757/422-9089
22                       trussell31@cox.net

23

Proceedings recorded by electronic sound recording; transcript
24  produced by transcription service.

25

```
 1   APPEARANCES (Continued):

 2   For the United States          Office of the U. S. Trustee
     Trustee:                       BY:  CARLA McCLURG, ESQ.
 3                                  620 SW Main Street, Suite 213
                                    Portland, OR  97205-3026
 4

 5   For Les Schwab Tires:          Donna Magdon

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   Q   Do you remember about what time of day it was when you saw

2   it?   Was it like late at night or in the middle of the day?

3   A   Oh, probably at nighttime.

4   Q   Do you recall approximately how long you were making the

5   payments for $150?   Was it like over a course of one year?   Two

6   years?   Three years?

7   A   Probably over a course of a year.

8   Q   And how much total were you going to be paying in to pay

9   off your, your debts?

10   A   Well, the last one was $10,000, I know that.

11   Q   And can you explain a little bit more about what you mean,

12   "the last one was 10,000"?

13   A   The last bill that I owed was like $10,000.

14   Q   Okay.   Did Morgan Drexen assist you in paying off some

15   smaller creditors?

16   A   Yes.

17   Q   Okay.   And about how much did you pay off to them?

18   A   I can't recall the number, to tell you the truth.   They

19   have that information.

20   Q   And why did you decide to file bankruptcy?

21   A   Because I was overwhelmed.   I couldn't pay the last one

22   off.   I just didn't have the money.   I'm on a fixed income on

23   Social Security.

24   Q   And when you couldn't pay the last one off, did you

25   communicate that to Morgan Drexen?

1  A    Yeah.

2  Q    And do you recall who you spoke to there?  Was it like an

3  attorney or some kind of representative?

4  A    Probably attorney representative, is who I talked to, but I

5  don't remember the name.

6  Q    Okay.

7  A    I talked to a lot of different people.

8  Q    And did Morgan Drexen recommend that you file bankruptcy?

9  A    Yeah.  They said I should do it.

10 Q    And did they send you to someone in particular?

11 A    Eric Graff, I believe, was the first person.

12 Q    And what happened with respect to Mr. Graff?

13 A    Well, they were taking the money so I could file

14 bankruptcy, I know that, and then they corresponded.  They sent

15 me the paperwork and I signed the paperwork and sent it back to

16 them.  And they sent me copies of it.

17 Q    Did you sign this paperwork for Mr. Graff's services after

18 you've made payments on some of your debts through Morgan

19 Drexen?

20 A    Yeah.

21 Q    Okay.  So the $1300, was that in addition to what you paid

22 off?

23 A    Yes.

24 Q    Okay.  Do you remember about how much total you paid off in

25 these other debts?

# Exhibit 2

(CHASE) received CCP request from Cindy E. re: clients request to skip their MAY ACH; per the rep the client stated they are still not working because no one will hire; client is also fully aware of the settlement in danger; APPROVED request and emailed Ryan as FYI,,Demetria Mabry,Client Coordinator

05/18/2011 11:33 AM,(CHASE) received CCP request from Cindy E. re: clients request to skip their MAY ACH; per the rep the client stated they are still not working because no one will hire; client is also fully aware of the settlement in danger; APPROVED request and emailed Ryan as FYI,CHASE,Demetria Mabry,Client Coordinator

05/02/2011 01:51 PM,Settlement letter mailed to the client 2,CHASE,(Mail Room),General

04/28/2011 11:00 AM,Outbound Tracking Number for SETTLEMENT --> █████8753 ( Palisades Collection ) ,CHASE,(Mail Room),General

04/27/2011 11:01 AM,(CHASE) Accepted online settlement aggreement; ,CHASE,Preferred Creditor,General

04/27/2011 07:36 AM,(CHASE) (by:Erik Graeff) Settlement (2review and accepted  by counsel:                         I have reviewed the most recent settlement proposal for Cheryl Stites. This offer is in the best interests of the client and this time and  with the firm's acceptance letter  the proposal meets the requirements for the state of (OR)  if any. I have directed the outsourced trust administration services department at Morgan Drexen to process the agreed upon settlement according to the terms specified in the settlement proposal and to include my Confirmation of Debtor's Acceptance of Creditor's Proposed Settlement letter with the delivery of the (initial) settlement draft.,CHASE,Local Counsel (Attorney),Management

04/27/2011 06:03 AM,(CHASE) Request send Palisades Collection to accept settlement,CHASE,Auto Settlement,Settlement Paraprofessional

04/27/2011 06:03 AM,(CHASE) Settlement letter e-mailed to local counsel,CHASE,Auto Settlement,Settlement Paraprofessional

04/26/2011 12:00 PM,(CHASE) Account balance updated by: Palisades Collection; ,CHASE,Preferred Creditor,General

04/26/2011 06:00 AM,(CHASE) 'Palisades Collection cease all collection efforts' emailed to the Palisades Collection(2),CHASE,Auto Settlement,Settlement Paraprofessional

04/18/2011 07:57 AM,NSF message skipped for 30,,Dana Police,Collection Officer

04/18/2011 07:56 AM,client called and requested to skip April ACH - stated that she has lost her job and has no funds to make her payment  payments to resume on the 20th of the month starting with May ACH  - client aware and ok with upcoming ACH and required 2 business day rule,,Dana Police,Collection Officer

04/18/2011 07:56 AM,ACH information is changed,,Dana Police,Collection Officer

04/18/2011 07:55 AM,Skip Payment  Dt:-04/20/2011 - no funds available,,Dana Police,Collection Officer

04/13/2011 06:24 PM,Attorney letter/Creditor Settlement Offer Letter/ATN letter mailed to client,,(Mail Room),General

04/11/2011 09:44 AM,(CAP ONE BK) SO: (Offer)1x1441.07,CAP ONE BK,Linda Mabry,Settlement Paraprofessional

04/11/2011 09:44 AM,(CAP ONE BK) Current Bal.=2882.14 Client to Pay=1441.07 Offer Amt=1441.07 Creditor Name=Cap one Attn:Karen Phone=8003364555 EXT:=335,CAP ONE BK,Linda Mabry,Settlement Paraprofessional

03/30/2011 04:02 PM, : Offer to - █████0667  : Offer Amt was - $735.842,CAP ONE BK,(Mail Room),General

03/24/2011 03:49 PM,(CHASE) SO: (Creditor Assistance)Can client increase ACH to $375.00 starting mar-mar 2012 to settle this acct @ 40% in 13 pays,CHASE,Linda Mabry,Settlement Paraprofessional

03/23/2011 04:50 PM,(CHASE) SO: (Additional Fund-Waiting Client Resp.)Can client increase ACH to $375.00 starting mar-mar 2012 to settle this acct @ 40% in 13 pays,CHASE,Ryan Shean,Settlement Liaison

03/23/2011 04:50 PM,(CHASE) SO: (Requested By SO)Can client increase ACH to $375.00 starting mar-mar 2012 to settle this acct @ 40% in 13 pays,CHASE,Ryan Shean,Settlement Liaison

03/23/2011 04:50 PM,(CHASE) Client Coordinator : 3/23; Left message asking for a call back. Please transfer call to Ext 8036.,CHASE,Ryan Shean,Settlement Liaison

03/23/2011 04:49 PM,Dialed 503-285-2394 number,,Ryan Shean,Settlement Liaison

03/17/2011 09:35 AM,(CHASE) SO: (Additional Fund-Waiting Client Resp.)Can client increase ACH to $375.00 starting mar-mar 2012 to settle this acct @ 40% in 13 pays,CHASE,Analise Rezendes-Herrick,Settlement Liaison

03/17/2011 09:35 AM,(CHASE) SO: (Additional Fund - Req. By SO)Can client increase ACH to $375.00 starting mar-mar 2012 to settle this acct @ 40% in 13 pays,CHASE,Analise Rezendes-Herrick,Settlement Liaison

03/17/2011 09:35 AM,(CHASE) Client Coordinator : 3/17 Left message on answering machine at main number.,CHASE,Analise Rezendes-Herrick,Settlement Liaison

03/17/2011 09:34 AM,Dialed 503-285-2394 number,,Analise Rezendes-Herrick,Settlement Liaison

03/16/2011 07:56 PM,Attorney letter/Creditor Settlement Offer Letter/ATN letter mailed to client,,(Mail

# Exhibit 3

VINCENT D. HOWARD
vhoward@howardnassiri.com

August 6, 2007

James Loy
3425 N.E. 40th Ave.
Portland, OR 97212

Re:     *Local Counsel Engagement Letter*

Dear: James Loy,

The purpose of this letter is to confirm our law firm's engagement of the services of your law firm, to act as local counsel for our clients in Oregon, to specify what services we expect you will perform on our behalf and on behalf of our clients, and to establish the fee structure for the services that you perform on our and our clients' behalf.

Our law firm provides legal advice and representation on the debt problems of individuals from all across the United States. We review these debt problems by analyzing all underlying documents, the legal and creditor rights and remedies, the debtor rights and remedies, we prepare such memoranda as are necessary to establish a basis for the negotiation of the reduction of the debt, and we seek to negotiate a reduction in the debt. The process that we follow also involves the collection of funds from the client so that we appropriately pay the client's negotiated debt. We will collect the funds from the client and place them in trust in accord with all appropriate ethical rules governing the handling of client (trust) funds. When the trust account reaches an appropriate level, we then send offers to the client's creditors. Our staff handles all negotiations and payments. We will enter into the engagement and provide the initial orientation to the client along with a written introduction from you.

We are engaging your law firm, to perform whatever legal services are necessary for our client that we cannot provide in your jurisdiction because we are not licensed there. We will provide you with a summary of the matter so that you are familiar with the issues in the client's case. We also will identify exactly what services we wish you to provide as the case progresses. While the services may include meeting and/or communicating with the client and file review, or possibly the filing of documents locally for us, we want it to be clearly understood that whatever services you provide for our client should be at our request and with our pre-approval only.

We want to emphasize that we are not entering into any attorney-client relationship with any of your clients, or with your law firm, except to the extent you will be acting as local counsel for our law firm with regard to the clients whom we identify to you. In view of the fact that some of the services you may perform for us and our clients require that you be a properly licensed member of the bar in

good standing in your jurisdiction, we would request that you provide us with such documentation along with the signed copy of this engagement letter.

We will provide you with the names and other pertinent information about the clients you will be assigned to act for as local counsel. We, of course, will expect you to perform a conflict check of current and past clients, and with your own interests, with respect to these persons and others involved in their matters and report to us on the outcome of that check. If you find that a conflict exists with any of the clients we assign to you for local counsel purposes, we request that you notify us immediately and return all documentation that we have provided you with regard to that particular client and/or matter. If a waiver is going to be sought from the client, we will perform that task. If there is no conflict problem, we will expect that you will maintain a file for each client and preserve the confidentiality of any client who is assigned to your law firm for local counsel purposes.

In return for your agreement to act as local counsel, we agree to compensate you with a guaranteed monthly retainer of $500.00, up to a client base of 300 in your state. Once our client base has surpassed 300 in your state, you will be compensated an additional $2.50 per client, per month. We will guarantee timely payment to you regardless of our collection of the fees from our client. If, during this process, the creditor should sue the client, we will help the client prepare a response. At this point, the client may want to contact your office on a limited basis with some questions regarding local law. If the client wishes this further assistance, such as representation at a court appearance, then the client will be charged additional fees for these services. The fees that the client is charged for the services provided by you, will be forwarded to you as additional compensation. A fifteen percent (15%) referral fee paid to Howard | Nassiri, LLP will apply. This agreement shall continue on a month-to-month basis and either party shall have the right to terminate upon thirty days written notice.

If the above arrangement is satisfactory to you, please sign below indicating your agreement to its terms and conditions and return an executed copy to us as soon as possible. We look forward to hearing from you.

AGREED TO BY LOCAL COUNSEL:

_____     August 6, 2007
James Loy

ACCEPTED BY HOWARD | NASSIRI, LLP:

_____     August 6, 2007
VINCENT D. HOWARD, PARTNER

HOWARD | NASSIRI, LLP LOCAL COUNSEL ENGAGEMENT LETTER

# HOWARD | NASSIRI

### A LIMITED LIABILITY PARTNERSHIP

ARENA CORPORATE CENTER
1600 SOUTH DOUGLASS ROAD ♦ FIRST FLOOR ♦ ANAHEIM, CALIFORNIA 92612

TELEPHONE / 800.872.5925 FACSIMILE / 888.533.7310

VINCENT D. HOWARD
vhoward@howardnassiri.com

February 27, 2009

James C. Loy
3425 NE 40th Ave
Portland, OR 97212

Re:     *Local Counsel Engagement Letter*

Dear Mr. Loy,

The purpose of this letter is to confirm our law firm's engagement of the services of your law firm, to act as local counsel for our clients in Oregon, to specify what services we expect you will perform on our behalf and on behalf of our clients, and to establish the fee structure for the services that you perform on our and our clients' behalf.

Our law firm provides legal advice and representation on the debt problems of individuals from all across the United States. We review these debt problems by analyzing all underlying documents, the legal and creditor rights and remedies, the debtor rights and remedies, we prepare such memoranda as are necessary to establish a basis for the negotiation of the reduction of the debt, and we seek to negotiate a reduction in the debt. The process that we follow also involves the collection of funds from the client so that we appropriately pay the client's negotiated debt. We will collect the funds from the client and place them in trust in accord with all appropriate ethical rules governing the handling of client (trust) funds. When the trust account reaches an appropriate level, we then send offers to the client's creditors. Our staff handles all negotiations and payments. We will enter into the engagement and provide the initial orientation to the client along with a written introduction from you.

We are engaging your law firm, to perform whatever legal services are necessary for our client that we cannot provide in your jurisdiction because we are not licensed there. We will provide you with a summary of the matter so that you are familiar with the issues in the client's case. We also will identify exactly what services we wish you to provide as the case progresses. While the services may include meeting and/or communicating with the client and file review, or possibly the filing of documents locally for us, we want it to be clearly understood that whatever services you provide for our client should be at our request and with our pre-approval only.

We want to emphasize that we are not entering into any attorney-client relationship with any of your clients, or with your law firm, except to the extent you will be acting as local counsel for our law firm with regard to the clients whom we identify to you. In view of the fact that some of the services you may perform for us and our clients require that you be a properly licensed member of the bar in

# HOWARD | NASSIRI
### A LIMITED LIABILITY PARTNERSHIP

good standing in your jurisdiction, we would request that you provide us with such documentation along with the signed copy of this engagement letter.

We will provide you with the names and other pertinent information about the clients you will be assigned to act for as local counsel. We, of course, will expect you to perform a conflict check of current and past clients, and with your own interests, with respect to these persons and others involved in their matters and report to us on the outcome of that check. If you find that a conflict exists with any of the clients we assign to you for local counsel purposes, we request that you notify us immediately and return all documentation that we have provided you with regard to that particular client and/or matter. If a waiver is going to be sought from the client, we will perform that task. If there is no conflict problem, we will expect that you will maintain a file for each client and preserve the confidentiality of any client who is assigned to your law firm for local counsel purposes.

In return for your agreement to act as local counsel, **we agree to compensate you with a guaranteed monthly retainer of $500.00, up to a client base of 300 in your state. Once our client base has surpassed 300 in your state, you will be compensated an additional $2.50 per client, per month.** We will guarantee timely payment to you regardless of our collection of the fees from our client. If, during this process, the creditor should sue the client, we will help the client prepare a response. At this point, the client may want to contact your office on a limited basis with some questions regarding local law. If the client wishes this further assistance, such as representation at a court appearance, then the client will be charged additional fees for these services. The fees that the client is charged for the services provided by you, will be forwarded to you as additional compensation. A fifteen percent (15%) referral fee paid to HOWARD | NASSIRI, LLP will apply.

Related to your duties as local counsel is the review and *prompt approval* of settlement offers that you will receive via e-mail from our service provider, Morgan Drexen. The settlement offers you receive via e-mail—are achieved by virtue of Morgan Drexen's paralegals' competence, focus, perseverance, and determination. Usually settlement documents typically look similar (*e.g.,* one page, usual "boilerplate" language, offers for less than the amount actually owed, etc.). Once the parties agree on a settlement, we usually have to forward the clients first payment check within 24 (or at max, 48) hours to complete the settlement. In short, time is of the essence. That is why it is very important for you to review the settlements to make sure there is compliance with your state's laws, if any, and adequately protects the client, as soon as possible, once you receive the e-mail and to notify us immediately if there is an issue with the settlement.

Therefore and in addition to the abovementioned remuneration, **you will receive an additional $250.00 each month to review each settlement and either <u>accept</u> (by clicking on the submit/approval button in the settlement e-mail) or <u>reject</u> (by advising Morgan Drexen of any perceived inadequacy under state law, or lack of sufficient protection for the client) each settlement within 24 hours *for the first 50 settlements*** (Please be mindful that most creditors will reject a settlement offer if too many changes are insisted upon). For every settlement reviewed over the first 50 settlements, as local counsel you will receive an additional $5.00 per settlement.

Page **2** of **3**

# HOWARD | NASSIRI
### A LIMITED LIABILITY PARTNERSHIP

In closing, **in return for your agreement to act as local counsel and your agreement to abide by the terms and conditions set forth in this agreement, you will receive a total monthly retainer of at least $750.00 per month.** This agreement shall continue on a month-to-month basis and either party shall have the right to terminate upon thirty days written notice.

If the above arrangement is satisfactory to you, please sign below indicating your agreement to its terms and conditions and return an executed copy to us as soon as possible. We look forward to hearing from you.

**AGREED TO BY LOCAL COUNSEL:**

JAMES C. LOY                                      DATE: 3-31-09

**ACCEPTED BY HOWARD | NASSIRI, LLP:**

VINCENT D. HOWARD, PARTNER                        DATE: 4/6/09

RECEIVED
APR 0 3 2009

# Exhibit 4

# HOWARD | NASSIRI

### A PROFESSIONAL CORPORATION

ARENA CORPORATE CENTER
1600 SOUTH DOUGLASS ROAD ♦ FIRST FLOOR ♦ ANAHEIM, CALIFORNIA 92612

TELEPHONE / 800.872.5925 FACSIMILE / 888.533.7310

VINCENT D. HOWARD
vhoward@howardnassiri.com

10/29/2010

Erik Graeff
12520 SW Gem Lane
#901
Beaverton, OR 97005

      Re:   *Local Counsel Engagement Letter*

Dear ERIK GRAEFF:

      The purpose of this letter is to confirm our law firm's engagement of the services of your law firm, to act as local counsel for clients of Engagement Counsel in the following state – {OR}, to specify what services We expect you will perform on Our behalf and on behalf of our clients, and to establish the fee structure for the services that you perform on Our and Our clients' behalf.

## Definitions

      **"HOWARD | NASSIRI, P.C.:"** A national law firm based in Southern California that provides, *inter alia,* debt settlement and bankruptcy services to near-bankrupt or bankrupt consumers. HOWARD | NASSIRI hires qualified attorneys from around the United States to help it fulfill its obligations to the Engagement Law Firms. In addition to being an Engagement Law Firm, HOWARD | NASSIRI is *Of Counsel* to the previously mentioned Engagement Law Firms. This unique relationship allows the law firm to provide the Engagement Counsel with attorneys to assist the Engagement Law Firm with legal work in jurisdictions where the Engagement Counsel is not licensed to practice law.

      **"Engagement Law Firms"** or **"Engagement Counsel"** or **"We"** or **"Our:"** These law firms, including HOWARD | NASSIRI, contract the direct services of Morgan Drexen, Inc. and are the actual clients of Morgan Drexen. The Engagement Law Firms, not Morgan Drexen, are responsible for providing debt settlement and/or bankruptcy services to the clients. The Engagement Law Firms supervise the work and are responsible for maintaining the client trust accounts for its clients.

      **"Local Counsel:"** Attorneys hired through HOWARD | NASSIRI, P.C. to perform whatever legal services are necessary regarding the debt settlement and/or bankruptcy matters in the jurisdiction where the individual is licensed to practice law and is contracted. Because of HOWARD | NASSIRI's contractual obligation to the other Engagement Counsel, the law firm may assign you to a particular Engagement Law Firm to do whatever legal work is required for the Engagement Law Firms client in your jurisdiction.

Page 1 of 5

# HOWARD | NASSIRI
A PROFESSIONAL CORPORATION

**"Morgan Drexen, Inc."** or **"Morgan Drexen:"** Morgan Drexen provides administrative legal support and services to law firms that want to provide, *inter alia,* debt settlement and/or bankruptcy services to its clients. Morgan Drexen assists lawyers by integrating an attorney's judgment and advice to his or her clients with their system engineering and Legal Specialists, which improves the productivity, efficiency, and affordability of valuable legal services provided to near-bankrupt and bankrupt debtors. Morgan Drexen only has law firms as clients.

### Engagement Law Firm's Relationship With Morgan Drexen, Inc.

Our law firm, along with the other Engagement Law Firms, represents near-bankrupt consumers in settling debts with unsecured creditors and/or filing for bankruptcy. In order to operate efficiently and in a cost effective manner to service the maximum number of consumers at a discounted rate for the consumer, our law firm, along with several other Engagement Law Firms, use the outside services of Morgan Drexen, Inc. to provide administrative, IT, marketing, paralegal, and paraprofessional support services. The employees of Morgan Drexen, Inc. are not attorneys nor do they practice law. Morgan Drexen, Inc. employees assist the Engagement Law Firms in their debt settlement/bankruptcy practice by doing the following:

- managing all initial client intake,
- ascertaining potential clients' hardships (the threshold requirement for debt settlement services),
- verifying suitability for debt settlement services (available cash-flow from an income-stream, for example),
- determining each client's sustainable budget, obtaining paperwork to process enrolled debts,
- conferring with third party creditors on the law firm clients' behalf, docketing court filings and events, organizing, indexing, retrieving, and automatically alerting attorneys to court events.
- preparing draft of bankruptcy petitions for attorney's review and completion.

Although the Engagement Law Firms use the services of Morgan Drexen, Inc., they do not abdicate control over the operation of its law offices. In addition, each Engagement Law Firms is responsible for the supervision of its own client trust account and each engagement firm does not split fees with Morgan Drexen, Inc. Each Engagement Law Firms ensures proper maintenance of client files and records, protects client confidentiality, and does not relegate control of advertising to Morgan Drexen, Inc.

The Engagement Counsels' utilization of the services provided by Morgan Drexen, Inc.- a non-lawyer controlled company - is ethically permissible so long as the Engagement Law Firms do not abdicate control over the operation of the law office, is personally responsible for the supervision of

**Page 2 of 5**

# HOWARD | NASSIRI

A PROFESSIONAL CORPORATION

the client trust account, does not split fees with Morgan Drexen, Inc., ensures proper maintenance of client files and records, protects client confidentiality and does not relegate control of advertising to non-lawyer company. See American Bar Association's Standing Committee on Ethics and Professional Responsibility Formal Op. 08-451: *Lawyer's Obligations When Outsourcing Legal and Nonlegal Support* Services.

### Our Reason for Engaging Your Services

Our law firm is one of a number of Engagement Law Firms that provides legal advice and representation on the debt problems of individuals from all across the United States. We review these debt problems by analyzing all underlying documents, the legal and creditor rights and remedies, the debtor rights and remedies, we prepare such memoranda as are necessary to establish a basis for the negotiation of the reduction of the debt, and we seek to negotiate a reduction in the debt. The process that we follow also involves the collection of funds from the client so that we appropriately pay the client's negotiated debt. We will collect the funds from the client and place them in trust in accord with all appropriate ethical rules governing the handling of client (trust) funds. When the trust account reaches an appropriate level, we then send offers to the client's creditors. The Engagement Law Firms are responsible for and oversee all negotiations and payments. If law firm clients are unable to complete a debt settlement program, they may opt, if qualified, to file for protection under the Bankruptcy Code.

One of HOWARD | NASSIRI's responsibilities as *Of Counsel* to the other Engagement law Firms is to provide each Engagement Counsel with an attorney who is licensed to do legal work in the jurisdiction where the Engagement Counsel has clients. We are engaging your law firm for that purpose. As such, there may be circumstances where although contracted with HOWARD | NASSIRI, you may work with other Engagement Counsel as part of our obligation to that law firm.

We are engaging your law firm, to perform whatever legal services are necessary for Engagement Counsels' clients that We cannot provide in your jurisdiction because We are not licensed there. We will provide you with a summary of the matter so that you are familiar with the issues in the client's case. We also will identify exactly what services We wish you to provide as the case progresses.

We want to emphasize that we are not entering into any attorney-client relationship with any of your clients, or with your law firm, except to the extent you will be acting as local counsel for our law firm with regard to the clients whom we identify to you. In view of the fact that some of the services you may perform for us and Our clients require that you be a properly licensed member of the bar in good standing in your jurisdiction, we would request that you provide us with such documentation along with the signed copy of this engagement letter.

We will provide you with the names and other pertinent information about the clients you will be assigned to act for as local counsel. We, of course, will expect you to perform a conflict check of current and past clients, and with your own interests, with respect to these persons and others involved in their matters and report to us on the outcome of that check. If you find that a conflict exists with

Page 3 of 5

# HOWARD | NASSIRI
### A PROFESSIONAL CORPORATION

any of the clients We assign to you for local counsel purposes, We request that you notify us immediately and return all documentation that we have provided you with regard to that particular client and/or matter. If a waiver is going to be sought from the client, we will perform that task. If there is no conflict problem, We will expect that you will maintain a file for each client and preserve the confidentiality of any client who is assigned to your law firm for local counsel purposes.

In return for your agreement to act as local counsel for all Engagement Counsel, **We agree to compensate you with a guaranteed monthly retainer of $500.00 that covers the following state – {OR}, up to a total combined client base of 300. Once the client base has surpassed a combined 300 in your state, you will be compensated an additional $2.50 per client, per month.** We will guarantee timely payment to you regardless of our collection of the fees from Our clients. If, during this process, the creditor should sue the client, the client will enter in a Limited Scope Agreement with you for unbundled services. At this point, the client may want to contact your office on a limited basis with some questions regarding local law. If the client wishes this further assistance, such as representation at a court appearance, then the client will be charged additional fees for these services. The fees that the client is charged for the services provided by you, will be forwarded to you as additional compensation. Fifteen percent (15%) will be retained by Engagement Law Firm in light of Our continued responsibility for the client.

Related to your duties as local counsel is the review and *prompt approval* of settlement offers that you will receive via e-mail from our service provider, Morgan Drexen. The settlement offers you receive via e-mail-are achieved by virtue of Morgan Drexen's paraprofessionals' competence, focus, perseverance, and determination. Usually settlement documents typically look similar (*e.g.*, one page, usual "boilerplate" language, offers for less than the amount actually owed, etc.). Once the creditor has made a final settlement proposal, it will seek to have the first payment check within 24 (or, at maximum, 48) hours to complete the settlement. In short, time is of the essence. That is why it is very important for you to review the settlements *within 24 hours of receipt* to make sure there is compliance with your state's laws, if any, and that the agreement adequately protects the client (and to notify us immediately if there is an issue with the settlement).

Therefore and in addition to the abovementioned remuneration, **you will receive an additional $250.00 each month to review settlements and either <u>accept</u> (by clicking on the submit/approval button in the settlement e-mail) or <u>reject</u> (by advising Morgan Drexen of any perceived inadequacy under state law, or lack of sufficient protection for the client) each settlement within 24 hours.** For every settlement reviewed over the first 50 settlements, as local counsel you will receive an additional $5.00 per settlement.

In closing, **in return for your agreement to act as local counsel and your agreement to abide by the terms and conditions set forth in this agreement, you will receive a total monthly retainer of at least $750.00 per month.** This agreement shall continue on a month-to-month basis and either party shall have the right to terminate upon thirty days written notice.

GO TO NEXT PAGE
Page 4 of 5

# HOWARD | NASSIRI

A PROFESSIONAL CORPORATION

If the above arrangement is satisfactory to you, please sign below indicating your agreement to its terms and conditions and return an executed copy to us as soon as possible. We look forward to hearing from you.

**AGREED TO BY LOCAL COUNSEL:**

ERIK GRAEFF            DATE: $10/29/2010$

**ACCEPTED BY HOWARD | NASSIRI, PC:**

VINCENT D. HOWARD, PARTNER    DATE: $11/03/10$

Page 5 of 5

## Amendment to Local Counsel Engagement Agreement

This document amends the Local Counsel Engagement Agreement signed on 10/29/2010 with HOWARD | NASSIRI, PC.

HOWARD LAW will take over as the attorney network provider and accept the associated rights and responsibilities for the terms outlined in the previous HOWARD | NASSIRI, PC Local Counsel Engagement Agreement. HOWARD | NASSIRI, PC releases its rights to any services related to the previous HOWARD | NASSIRI, PC Local Counsel Engagement Agreement.

I approve the terms described in this proposal, and authorize HOWARD LAW to commence and assume HOWARD | NASSIRI, PC's responsibilities outlined in this Amended Local Counsel Engagement Agreement.

HOWARD LAW, PC

_____
Vincent D. Howard, President & Secretary

Date: 8/23/11

HOWARD | NASSIRI, PC

_____
Vincent D. Howard, President & Secretary

Date: 8/23/11

Law Offices of Erik Graeff

_____
Erik Graeff, Attorney

Date: 8/23/11

Owner
_____
Title

HOWARD LAW, P.C. – Pacific Arts Plaza, 675 Anton Blvd., 1ST FL, Costa Mesa, CA 92626

# HOWARD | NASSIRI

A PROFESSIONAL CORPORATION

PACIFIC ARTS PLAZA
675 ANTON BOULEVARD ♦ SECOND FLOOR ♦ COSTA MESA, CALIFORNIA 92626

TELEPHONE / 800.872.5925 FACSIMILE / 888.533.7310

www.HOWARDNASSIRI.com

VINCENT D HOWARD
vhoward@howardnassiri.com

July 14, 2011

**VIA U.S. MAIL**

Re: Letter of Understanding Re HOWARD | NASSIRI, P.C.'s Network (the "Network")

Dear Erik Graeff:

This letter sets forth the understandings and intentions shared between HOWARD | NASSIRI, P.C. and Erik Graeff ("Graeff") and defines the relationships among Local Counsel, Engagement Counsel, and Morgan Drexen, Inc. ("Morgan Drexen") within the Network. In addition, this letter sets forth an understanding and agreement between Graeff and HOWARD | NASSIRI, P.C. that the parties will form relationships within the framework of the Network in order to further expand the Network as a mutual resource for our respective firms and clients.

## HOWARD | NASSIRI, P.C.'S NETWORK

The Network consists of the following participants and relationships:

**"HOWARD | NASSIRÍ, P.C.:"** HOWARD | NASSIRI, P.C., has developed a nationwide network of contracted attorneys (referred to as "Local Counsel" – see below) which utilizes the paraprofessional support staff of Morgan Drexen, in connection with the firm's debt resolution and bankruptcy practices. HOWARD | NASSIRI, P.C., has found that the overall effect of the Network creates a net benefit to clients of lawyers and/or law firms within the Network.

**"Engagement Counsel:"** The Engagement Counsel is a lawyer or a law firm that is directly engaged by a law firm client for the purpose of providing bankruptcy and/or debt resolution services. From time to time, Engagement Counsel may be engaged by clients who reside in a state in which Engagement Counsel is not licensed. Alternatively, from time to time, law firm clients may move to a state or be summoned to court in a jurisdiction where Engagement Counsel is not licensed to practice law.

Engagement Counsel directly contracts with Morgan Drexen for access to Morgan Drexen's proprietary software and paraprofessional support in connection with their debt resolution and/or

# HOWARD | NASSIRI

A PROFESSIONAL CORPORATION

bankruptcy practices. Engagement Counsel is a direct client of Morgan Drexen and is responsible for supervising the work of Morgan Drexen. The Engagement Counsel -- not Morgan Drexen -- represents the clients. Among other duties, the Engagement Counsel -- not Morgan Drexen -- supervises delegable services and remains responsible for maintaining the client trust accounts for its clients.

**"Local Counsel:"** Local Counsel is an attorney or law firm who has contracted with HOWARD | NASSIRI, P.C., to serve as associated local counsel for attorneys who require the services of an attorney licensed in the jurisdiction(s) where Local Counsel is licensed to practice law. Local Counsel shares an attorney-client relationship with the debt resolution and/or bankruptcy clients of Engagement Counsel who are serviced by Morgan Drexen. Local Counsel is responsible for performing the legal services necessary regarding a debt resolution and/or bankruptcy matter in the jurisdiction where the Local Counsel is licensed to practice law. The Engagement Counsel may engage Local Counsel's services in circumstance where the Engagement Counsel is not licensed to practice law in the jurisdiction where the Engagement Counsel's clients reside or when other circumstances exist which dictates the use of Local Counsel in the jurisdiction(s) where Engagement Counsel is licensed to practice law. The duties and compensation of Local Counsel are identified and detailed in the Local Counsel Engagement Letter between Local Counsel and HOWARD | NASSIRI, P.C.

**"Morgan Drexen, Inc."** or **"Morgan Drexen:"** Morgan Drexen provides Engagement Counsel with access to the company's proprietary software and administrative legal support services. Morgan Drexen does NOT contract with the clients of the Engagement Counsel. And, in those instances where the Engagement Counsel has engaged Local Counsel, Morgan Drexen also supports Local Counsel by virtue of Local Counsel's engagement with the Engagement Counsel.

Morgan Drexen assists lawyers by handling the heavy volume of administrative redundancies that debt resolution and bankruptcy attorneys must ordinarily manage themselves. Through use of Morgan Drexen, lawyers and/or law firms within the Network increases the productivity, efficiency, and affordability of valuable legal services provided to their near-bankrupt and bankrupt clients. Morgan Drexen supports lawyers and/or law firms within the Network in their debt resolution and/or bankruptcy practices by handling various tasks including, but not limited to, the following:

- performing initial client intake by using pre-approved questionnaires provided by the lawyer and/or law firms;
- ascertaining potential clients' hardships (the threshold requirement for debt resolution services);
- 'determining each client's sustainable budget;
- obtaining paperwork to process enrolled debts;
- conferring with third party creditors on the law firm clients' behalf;
- docketing court filings and events, organizing, indexing, retrieving, and automatically alerting attorneys to court events;
- gathering documents in support of the bankruptcy petition; and
- preparing draft of bankruptcy petitions for attorney's review prior to the attorney's consultation with his/her law firm clients.

GRA 0011          UST Exhibit 4 - Page 8 of 9
Case 16-03013-rld   Doc 57   Filed 11/28/16

# HOWARD | NASSIRI

A PROFESSIONAL CORPORATION

## GRAEFF'S PARTICIPATION IN THE NETWORK AND ENGAGEMENT OF HOWARD | NASSIRI, P.C. AS LOCAL COUNSEL

NOW, THEREFORE, in consideration of the promises and the mutual covenants contained in this agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, HOWARD | NASSIRI, P.C. and Graeff understand and agree as follows:

(1) That HOWARD | NASSIRI, P.C., including the attorneys within its Network, will serve in an *Of Counsel* capacity to Graeff. Accordingly, where and when necessary, Graeff may access the services of an attorney within the Network to perform legal work in jurisdiction(s) where the representation of a client of Graeff requires an attorney licensed to practice law in that jurisdiction;

(2) Because of HOWARD | NASSIRI, P.C.'s relationships to the other Engagement Counsel who may require the services of an associated local counsel in the jurisdiction in which Graeff is licensed to practice law, Graeff agrees to participate in the Network for the purpose of providing those local counsel services, as described above, to other attorneys within the Network as needed.

(3) HOWARD | NASSIRI, P.C. agrees to assist in the supervision of the day-to-day services of the Morgan Drexen staff to ensure that the work is performed within appropriate professional and/or ethical standards and does not constitute the practice of law;

(4) When Graeff serves as local counsel for another law firm's client, Graeff agrees to assist in the supervision of the Morgan Drexen staff to ensure that the administrative services performed by Morgan Drexen is compliant with the rules of professional conduct for the Graeff's jurisdiction.

**AGREED TO AND ACKNOWLEDGED BY ERIK GRAEFF:**

ERIK GRAEFF

DATE: 7/15/11

**ACCEPTED BY HOWARD | NASSIRI, P.C.:**

VINCENT D. HOWARD

DATE: 7/29/11

# Exhibit 5

Paraprofessional

10/15/2012 03:39 PM,Attorney letter/Creditor Settlement Offer Letter/ATN letter mailed to client,,(Mail Room),General

10/08/2012 08:21 AM,(CAP ONE BK) SO: (Offer),CAP ONE BK,Walter Becker,Settlement Paraprofessional

10/02/2012 08:42 AM,(CHASE) **printed a copy of attorney & client consultation letter. mailing out to client via regular mail**,CHASE,Matt Jukam,Law Firm Liaison Specialist

09/28/2012 01:20 PM,auto-dialer -client is unabel to make up any NSF -ok with upcoming ACH on 10/20,,Cristina Duffy,Collection Officer

09/28/2012 10:19 AM,(CAP ONE BK) : Offer to - ███████████0667 : Offer Amt was - $735.842,CAP ONE BK, (Mail Room),General

==09/27/2012 08:53 PM,(CHASE) (by:Erik Graeff) Log Entry from Local Counsel: Consultation Done  Docs Not Needed; done,CHASE,Local Counsel (Attorney),Management==

==09/27/2012 08:53 PM,(CHASE)  (by:Erik Graeff) done,CHASE,Local Counsel (Attorney),Management==

09/27/2012 08:52 PM,(CHASE)  (by:Erik Graeff) done,CHASE,Local Counsel (Attorney),Management

09/27/2012 08:52 PM,(CHASE) Emailed New Document Notification,CHASE,Local Counsel (Attorney),Management

09/26/2012 12:00 PM,(CHASE) Received call from client stating that she would like to set an LC appt for her legal docs...i advised of the appts available..client requested for date and time...client ok and will be waiting for call.,CHASE,Kevin Ewing,Law Firm Liaison Specialist

09/26/2012 12:00 PM,(CHASE) Service Requested for Other Legal Docs File# - 09777349,CHASE,Kevin Ewing,Law Firm Liaison Specialist

09/26/2012 12:00 PM,(CHASE) Appointment SET to Attorney (1114); Date: 09/27/2012 ; Time : 04:00 pm; -- Cheryl - - Spoke w/ client  scheduled atty appt to discuss: 1) (Chase)(2)(Other); SEE PENDING CASE LOAD FOR DETAILS Please call client at (503) 740-7198,CHASE,Kevin Ewing,Law Firm Liaison Specialist

09/26/2012 11:53 AM,NSF auto dialer  advised client of past uncollected payments  client stated that she is unable to reschedule these payments at this time  moving forward  client aware of next ACH on 10/20 for $185 and required 2 business day rule. Transferred client to Law Firm Liason queue per message board.,,Debbie Clabber,Collection Officer

09/26/2012 11:51 AM,Transfer --> Law Firm Liaison Department Queue,,Debbie Clabber,Collection Officer

09/26/2012 11:47 AM,Transfer --> Accounting Department,,Dan Campbell,CSR 1 Paraprofessional

09/26/2012 11:47 AM,Per message board  transferred client to the accounting dept. Client will have MDIS password and file# ready.,,Dan Campbell,CSR 1 Paraprofessional

09/19/2012 08:49 AM,(CHASE) Received from pipeline NOTICE OF ENTRY OF JUDGMENT 4 ACCT ENDN W/6423...Case #120202143...Input info and uploaded to Other Legal Docs window,CHASE,Kimberly Fallas,Law Firm Liaison Specialist

09/19/2012 08:49 AM,(CHASE) Action Taken By Legal Admin : 0,CHASE,Kimberly Fallas,Law Firm Liaison Specialist

09/19/2012 08:49 AM,(CHASE) Legal entry created for : Other Legal Docs  File# - 09777349,CHASE,Kimberly Fallas,Law Firm Liaison Specialist

09/18/2012 03:38 PM,Fax Received or Scan Doc.: (Legal Docs); Forwarded to -> Legal(Assigned to :Kimberly Fallas),,Robert Evans,Mail Room Department

09/18/2012 01:37 PM,(CHASE) **printed a copy of attorney & client consultation letter. mailing out to client via regular mail**,CHASE,Matt Jukam,Law Firm Liaison Specialist

==09/17/2012 04:18 PM,(CHASE)  (by:Erik Graeff) done,CHASE,Local Counsel (Attorney),Management==

==09/17/2012 04:18 PM,(CHASE) (by:Erik Graeff) Log Entry from Local Counsel: Consultation Done  Docs Not Needed; done,CHASE,Local Counsel (Attorney),Management==

==09/17/2012 04:17 PM,(CHASE)  (by:Erik Graeff) done,CHASE,==Local Counsel (Attorney),Management

09/17/2012 04:17 PM,(CHASE) Emailed New Document Notification,CHASE,Local Counsel (Attorney),Management

09/14/2012 01:15 PM,Attorney letter/Creditor Settlement Offer Letter/ATN letter mailed to client,,(Mail Room),General

09/12/2012 12:34 PM,Fax Received or Scan Doc.: (Creditor Letter); Forwarded to -> Data Entry(Assigned to :Kara Mussa),,David Gober,Mail Room Department

09/12/2012 10:54 AM,(CHASE) Service Requested for Mediation or Court Date File# - 09596445,CHASE,Marie Huemmer,Law Firm Liaison Specialist

09/12/2012 10:54 AM,(CHASE) Appointment SET to Attorney (1114); Date: 09/17/2012 ; Time : 04:30 pm; -- Cheryl - - 503-740-7198Please call to discuss Acct Name ( Chase) Acct ID ( 2) Legal Type ( court),CHASE,Marie

Huemmer,Law Firm Liaison Specialist
09/12/2012 07:39 AM,(CHASE) REceived from pipeline  NOTICE OF COURT PROCEEDINGS......Case #
120202143......Input info and uploaded under mediation window,CHASE,Maricely Sanchez,Law Firm Liaison
Specialist
09/12/2012 07:38 AM,(CHASE) Action Taken By Legal Admin : 0,CHASE,Maricely Sanchez,Law Firm Liaison
Specialist
09/12/2012 07:38 AM,(CHASE) Legal entry created for : Mediation or Court Date  File# - 09596445,CHASE,Maricely
Sanchez,Law Firm Liaison Specialist
09/11/2012 03:26 PM,Fax Received or Scan Doc.: (Legal Docs); Forwarded to -> Legal(Assigned to :Maricely
Sanchez),,Robert Evans,Mail Room Department
09/11/2012 02:17 PM,Fax Received or Scan Doc.: (Creditor Letter); Forwarded to -> Data Entry(Assigned to :Kara
Mussa),,Jason Andrade,Mail Room Department
08/29/2012 04:46 PM,(CAP ONE BK) SO: (Offer)POA FAXED 8/29,CAP ONE BK,Walter Becker,Settlement
Paraprofessional
08/27/2012 02:44 PM,(CAP ONE BK)  : Offer to - ███████████0667  : Offer Amt was - $735.842,CAP ONE BK,
(Mail Room),General
08/27/2012 08:33 AM,(CHASE) **Printed a copy of attorney & client consultation letter. mailing out to client via
regular mail**,CHASE,Matt Jukam,Law Firm Liaison Specialist
08/23/2012 04:05 PM,(CHASE)  (by:Erik Graeff) done.  Client's only income is SS disability.  She rents  she's judgment
proof.,CHASE,Local Counsel (Attorney),Management
08/23/2012 04:05 PM,(CHASE) (by:Erik Graeff) Log Entry from Local Counsel: Consultation Done  Docs Not Needed;
done.  Client's only income is SS disability.  She rents  she's judgment proof.,CHASE,Local Counsel
(Attorney),Management
08/23/2012 04:04 PM,(CHASE)  (by:Erik Graeff) done,CHASE,Local Counsel (Attorney),Management
08/23/2012 04:03 PM,(CHASE) Emailed New Document Notification,CHASE,Local Counsel (Attorney),Management
08/22/2012 11:13 AM,(CHASE) Received call from client stating that she would like to set an LC appt for her legal
docs...i advised of the appts available..client requested for date and time...client ok and will be waiting for
call.,CHASE,Kevin Ewing,Law Firm Liaison Specialist
08/22/2012 11:13 AM,(CHASE) New Legal Status : Court Hearing,CHASE,Kevin Ewing,Law Firm Liaison Specialist
08/22/2012 11:13 AM,(CHASE) New Legal Status : Discovery Filed,CHASE,Kevin Ewing,Law Firm Liaison
Specialist
08/22/2012 11:13 AM,(CHASE) Service Requested for Awards File# - 09180217,CHASE,Kevin Ewing,Law Firm
Liaison Specialist
08/22/2012 11:13 AM,(CHASE) Appointment SET to Attorney (1114); Date: 08/23/2012 ; Time : 04:00 pm; -- Cheryl
- - Spoke w/ client  scheduled atty appt to discuss: 1) (Chase)(2)(Awards); SEE PENDING CASE LOAD FOR DETAILS
Please call client at (503) 740-7198,CHASE,Kevin Ewing,Law Firm Liaison Specialist
08/22/2012 11:07 AM,Transfer --> Law Firm Liaison Department Queue,,Nick Hernandez,CSR 1 Paraprofessional
08/22/2012 11:07 AM,(CHASE) Client returning autodialer message for Legal. Per message board  transferring client to
Legal. Client will have file number and password ready. Client is okay.,CHASE,Nick Hernandez,CSR 1
Paraprofessional
08/14/2012 09:09 AM,(CHASE) Rec'vd from pipeline ARB AWARD SETTLEMENT NOTICE 4 CHASE ACCT EW
6423....Case #1202-02143...input info and uploaded to Award window.,CHASE,Julie Patzer,Law Firm Liaison
Specialist
08/14/2012 09:06 AM,(CHASE) Legal entry created for : Awards  File# - 09180217,CHASE,Julie Patzer,Law Firm
Liaison Specialist
08/14/2012 09:06 AM,(CHASE) Action Taken By Legal Admin : 0,CHASE,Julie Patzer,Law Firm Liaison Specialist
08/13/2012 04:47 PM,Attorney letter/Creditor Settlement Offer Letter/ATN letter mailed to client,,(Mail
Room),General
08/13/2012 03:22 PM,Fax Received or Scan Doc.: (Legal Docs); Forwarded to -> Legal(Assigned to :Julie
Patzer),,Robert Evans,Mail Room Department
07/24/2012 12:32 PM,(CHASE) Legal entry created for : Other Legal Docs  File# - 09969949,CHASE,Maricely
Sanchez,Law Firm Liaison Specialist
07/24/2012 12:32 PM,(CHASE) Action Taken By Legal Admin : 0,CHASE,Maricely Sanchez,Law Firm Liaison
Specialist

Stites File_3563039105.txt[10/26/2016 9:03:18 AM]

07/23/2012 03:57 PM,Fax Received or Scan Doc.: (Legal Docs); Forwarded to -> Legal(Assigned to :Kimberly Fallas),,Luis Reyes,Mail Room Department

07/23/2012 03:22 PM,(CAP ONE BK)  : Offer to - ████████0667  : Offer Amt was - $735.842,CAP ONE BK, (Mail Room),General

07/18/2012 06:52 AM,RESOLVED: Issue Addressed.; TID:546446,,Rudy Gomez,Client Coordinator

07/17/2012 05:39 PM,:Acc.information is Reviewed / Resolved,,Cristina Duffy,Collection Officer

07/17/2012 05:39 PM,deleted the 7/20 ACH and issued skip for July per CC notes and recording (funds in trust),,Cristina Duffy,Collection Officer

07/17/2012 05:37 PM,ACH information is changed,,Cristina Duffy,Collection Officer

07/17/2012 05:37 PM,Skip Payment  Dt:-07/20/2012 - per notes and recording,,Cristina Duffy,Collection Officer

07/17/2012 05:37 PM,ACH deleted :  ACH072012  Amount was : $185,,Cristina Duffy,Collection Officer

07/17/2012 03:05 PM,Emailed to dketsdever@mdrexen.com-->EMCC >>>>  ** Non Exception Request **  Please make the following changes to the ACH payment:

Please SKIP the (7/20/12) ACH.


funds in trust account ($1115.12) to cover the MFF.,,Rudy Gomez,Client Coordinator

07/17/2012 03:04 PM,Emailed to rudy.gomez@mdrexen.com-->EMCC >>>>  ** Non Exception Request **  Please make the following changes to the ACH payment:

Please SKIP the (7/20/12) ACH.


funds in trust account ($1115.12) to cover the MFF.,,Cynthia Gonzalez,CSR 3 Paraprofessional

07/17/2012 03:04 PM,EMCC >>>>  ** Non Exception Request **  Please make the following changes to the ACH payment:

Please SKIP the (7/20/12) ACH.


funds in trust account ($1115.12) to cover the MFF.,,Cynthia Gonzalez,CSR 3 Paraprofessional

07/17/2012 02:49 PM,.continue....>CC Gomez advised me to transfer to ext#369...

***Per message board Unresolved accounting issues (NSF) transfer to accounting...***Per msg board unresolved Legal issues  transfer to Law Firm Liaison dpt...we advised client to have file # and MDIS password handy for transfer procedures..,,Rosendo Alcala,Bolivia Call Center

07/17/2012 02:44 PM,verified file# and MDIS password also email address  client called in regards to request to skip this month's ACH payment due on the 20th..client states she does not have the money this month because she had to buy a car.. client makes she might be able to make up some of the payment next month along with her August payment.. we placed a CC request.,,Rosendo Alcala,Bolivia Call Center

07/12/2012 03:27 PM,Attorney letter/Creditor Settlement Offer Letter/ATN letter mailed to client,,(Mail Room),General

07/12/2012 03:22 PM,Fax Received or Scan Doc.: (Creditor Letter); Forwarded to -> Data Entry(Assigned to :Ramon Lopez),,Anthony Long,Mail Room Department

07/05/2012 11:30 AM,Fax Received or Scan Doc.: (Legal Docs); Forwarded to -> Legal(Assigned to :Marie Huemmer),,Luis Reyes,Mail Room Department

07/03/2012 08:07 AM,(CHASE) **printed a copy of attorney & client consultation letter. mailing out to client via ==regular mail**,CHASE,Matt Jukam,Law Firm Liaison Specialist==

==06/28/2012 05:35 PM,(CHASE) (by:Erik Graeff) Log Entry from Local Counsel: Consultation Done  Docs Not Needed; done,CHASE,Local Counsel (Attorney),Management==

==06/28/2012 05:35 PM,(CHASE)  (by:Erik Graeff) done,==CHASE,Local Counsel (Attorney),Management

06/28/2012 05:07 PM,(CHASE)  (by:Erik Graeff) done,CHASE,Local Counsel (Attorney),Management

06/28/2012 05:07 PM,(CHASE) Emailed New Document Notification,CHASE,Local Counsel (Attorney),Management

06/27/2012 12:03 PM,(CHASE) Service Requested for Mediation or Court Date File# - 09784282,CHASE,Marie Huemmer,Law Firm Liaison Specialist

06/27/2012 12:03 PM,(CHASE) Appointment SET to Attorney (1114); Date: 06/28/2012 ; Time : 05:00 pm; -- Cheryl - - 503-740-7198Please call to discuss Acct Name ( CHASE) Acct ID ( 2) Legal Type ( MEDIATION),CHASE,Marie

# Exhibit 6

# HOWARD | NASSIRI, P.C.

675 Anton Boulevard
Costa Mesa, CA 92626

Date : 04/27/2011

Account # ████████6423
Current balance : $15,015.73
Settlement Amount : $6,757.08
MDIS File # : **3563039105** Acc.ID : 2
Palisades File #: 19502828

Cheryl Stites
7528 # A N.Wabash Ave
Portland, OR 97217

Palisades Collection, L.L.C., through its authorized representative, has agreed, to accept the Settlement Amount referenced above ("Settlement Amount") as full and final satisfaction to settle the above referenced account. Provided that payment of the Settlement Amount is received by Palisades Collection, L.L.C. as described in the Settlement Plan below, the above referenced account will be closed and reported to all major credit bureaus as settled in full.

If payment of the settlement balance is not received by Palisades Collection, L.L.C. as described in the Settlement Plan below by the date(s) provided or if your bank does not honor your payment, Palisades Collection, L.L.C. reserves the right to add interest to your account and this settlement agreement will be considered null and void.

The settlement terms we have agreed to are as follows:

## Settlement Plan

| Settlement Date | Amount |
|---|---|
| 05/01/2011 | $288.27 |
| 06/01/2011 | $87.50 |
| 07/01/2011 | $87.50 |
| 08/01/2011 | $87.50 |
| 09/01/2011 | $87.50 |
| 10/01/2011 | $108.12 |
| 11/01/2011 | $108.12 |
| 12/01/2011 | $108.12 |
| 01/01/2012 | $108.12 |
| 02/01/2012 | $108.12 |
| 03/01/2012 | $108.12 |
| 04/01/2012 | $108.12 |
| 05/01/2012 | $108.12 |
| 06/01/2012 | $108.12 |
| 07/01/2012 | $108.12 |
| 08/01/2012 | $108.12 |
| 09/01/2012 | $108.12 |
| 10/01/2012 | $108.12 |
| 11/01/2012 | $108.12 |
| 12/01/2012 | $108.12 |
| 01/01/2013 | $108.12 |
| 02/01/2013 | $108.12 |
| 03/01/2013 | $108.12 |
| 04/01/2013 | $108.12 |
| 05/01/2013 | $108.12 |
| 06/01/2013 | $108.12 |
| 07/01/2013 | $108.12 |
| 08/01/2013 | $108.12 |

| | |
|---|---|
| 09/01/2013 | $108.12 |
| 10/01/2013 | $108.12 |
| 11/01/2013 | $108.12 |
| 12/01/2013 | $108.12 |
| 01/01/2014 | $108.12 |
| 02/01/2014 | $108.12 |
| 03/01/2014 | $108.12 |
| 04/01/2014 | $108.12 |
| 05/01/2014 | $108.12 |
| 06/01/2014 | $108.12 |
| 07/01/2014 | $108.12 |
| 08/01/2014 | $108.12 |
| 09/01/2014 | $108.12 |
| 10/01/2014 | $108.12 |
| 11/01/2014 | $108.12 |
| 12/01/2014 | $108.12 |
| 01/01/2015 | $108.12 |
| 02/01/2015 | $108.12 |
| 03/01/2015 | $108.12 |
| 04/01/2015 | $108.12 |
| 05/01/2015 | $108.12 |
| 06/01/2015 | $108.12 |
| 07/01/2015 | $108.12 |
| 08/01/2015 | $108.12 |
| 09/01/2015 | $108.12 |
| 10/01/2015 | $108.12 |
| 11/01/2015 | $108.12 |
| 12/01/2015 | $108.12 |
| 01/01/2016 | $108.12 |
| 02/01/2016 | $108.12 |
| 03/01/2016 | $108.12 |
| 04/01/2016 | $108.12 |
| 05/01/2016 | $108.12 |
| 06/01/2016 | $64.09 |

**On June 30, 2000, Congress enacted the Electronic Signatures in Global and National Commerce Act, to facilitate the use of electronic records and signatures in interstate and foreign commerce by ensuring the validity and legal effect of contracts entered into electronically. The Act went into effect in October 2000.**

HOWARD | NASSIRI, P.C. utilizes electronic agreements for the convenience of Palisades.  By pressing the accept button in the place reserved for your name you are providing a legally binding signature per the Electronic in Global and National Commerce Act indicating your acceptance of the terms of this Agreement.  This Agreement will be saved in its entirety (including identifying headers and the IP from which the acceptance occurred for tracking purposes.
Please contact us at 1-800-868-1360 to discuss any questions you may have regarding this agreement.

Sincerely,

**HOWARD | NASSIRI, P.C.**

By: _____

Vincent Howard