Carla Gowen McClurg, OSB# 165144
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18, Plaintiff

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Cheryl Kae Stites,<br><br>Debtor. | Case No. 14-35071-rld7 |
| United States Trustee,<br><br>Plaintiff,<br><br>  v.<br><br>Vincent Howard,<br>Howard Law, P.C.,<br>Erik Graeff,<br>Law Offices of Erik Graeff, P.C.,<br><br>Defendants. | Adversary No. 16-3013-rld<br><br>**UNITED STATES TRUSTEE'S MOTION TO STRIKE FACTS INCLUDED IN DECLARATIONS NOT CONTAINED IN DEFENDANTS' CONCISE STATEMENT OF FACTS** |

Plaintiff Acting United States Trustee for Region 18, Gail Brehm Geiger ("Plaintiff"), by and through her attorney, Carla Gowen McClurg, hereby moves the Court for an order striking the facts contained in the Declarations of Vincent Howard, Angelica Zavala, David Walker, and Desmond Adams (collectively the "Declarations") attached to Defendant Vincent Howard and Howard Law P.C.'s Motion for Summary Judgment (the "Howard Motion for Summary

Page 1 – UNITED STATES TRUSTEE'S MOTION TO STRIKE FACTS INCLUDED IN DECLARATIONS NOT CONTAINED IN DEFENDANTS' CONCISE STATEMENT OF FACTS

Case 16-03013-rld    Doc 59    Filed 11/28/16

Judgment"), to the extent that the facts contained in the Declarations are not set forth in Defendant Vincent Howard and Howard Law, P.C.'s Concise Statement of Material Facts (the "Howard Concise Statement of Facts").

## Local Bankruptcy Rule 7007-1(a) Certification

Plaintiff made a good-faith effort to resolve the issues identified in this Motion was unable to do so. Plaintiff conferred with counsel for Vincent Howard and Howard Law, P.C. (the "Howard Defendants") by phone on November 21, 2016 and followed up by email on November 23 and November 25, 2016 and received no substantive response regarding the Howard Defendants' position. Counsel for the Howard Defendants informed counsel for Plaintiff that he would confer with his clients and respond by November 23, 2016 but has failed to provide Plaintiff with his clients' position as of the date of this Motion.

## Factual Background

On January 29, 2016, Plaintiff commenced the above-referenced adversary proceeding (the "Stites Adversary Proceeding") by filing a complaint against defendants Howard, Howard Law, Erik Graeff ("Graeff"), and the Law Offices of Erik Graeff, P.C. ("Graeff Law") (collectively the "Defendants") asserting claims under 11 U.S.C. §§105, 329, and 526 and under the Court's inherent authority. Graeff and Graeff Law (collectively the "Graeff Defendants") filed answers to Plaintiff's complaint in the Stites Adversary Proceeding on February 29, 2016. The Howard Defendants filed answers to Plaintiff's complaint in the Stites Adversary Proceeding on May 17, 2016.

On June 10, 2016, Plaintiff filed complaints against Defendants in two bankruptcy cases in the District of Oregon, Eugene Division: *In re Kathleen Arthur*, Case No. 15-62393-tmr7 (the "Arthur Case") and *In re Mary Ann Michiko Roberts*, Case No. 15-63116-tmr7 (the "Roberts Case"). The adversary proceeding in the Arthur Case is *United States Trustee v. Vincent Howard, et al.*, Adversary No. 16-6061-rld (the "Arthur Adversary Proceeding"). The adversary proceeding in the Roberts Case is *United States Trustee v. Vincent Howard et al.*, Adversary No.

Page 2 – UNITED STATES TRUSTEE'S MOTION TO STRIKE FACTS INCLUDED IN DECLARATIONS NOT CONTAINED IN DEFENDANTS' CONCISE STATEMENT OF FACTS

Case 16-03013-rld    Doc 59    Filed 11/28/16

16-6062-rld (the "Roberts Adversary Proceeding"). The Graeff Defendants filed answers in the Arthur Adversary Proceeding and the Roberts Adversary Proceeding on August 11, 2016. The Howard Defendants filed answers in the Arthur Adversary Proceeding and the Roberts Adversary Proceeding on August 19, 2016.

Pursuant to orders entered in the Stites Adversary proceeding, the Roberts Adversary Proceeding, and the Arthur Adversary Proceeding (collectively the "Adversary Proceedings"), the Court is conducting one trial on the Adversary Proceedings. Trial is scheduled for January 4 and 5, 2017 and trial submissions are due on December 16, 2016.

The Howard Defendants filed the Howard Motion for Summary Judgment in the Stites Adversary Proceeding[1] on November 14, 2016. The Declarations are attached to Howard Motion for Summary Judgment. The Howard Defendants also filed the Howard Concise Statement of Facts with the Howard Motion for Summary Judgment. The Declarations make numerous factual statements not contained in the Howard Concise Statement of Facts.

## The Declaration of Vincent Howard

The Declaration of Vincent Howard includes the following paragraphs and exhibits not included in the Howard Concise Statement of Facts:

- Par. 6: In 2007, Howard/Nassiri contracted with Morgan Drexen for its provision of administrative, clerical, secretarial, bookkeeping and paraprofessional support services. In addition, under the contract, Morgan Drexen licensed to Howard/Nassiri use of Morgan Drexen's case management software. As of counsel members of Howard Law, Loy and Graeff had access to Morgan Drexen staff and the software for purposes of providing services to clients of Howard Law.

- Par. 9: After August 2012, Graeff no longer provided bankruptcy services to clients of Howard Law.

---

[1] The Howard Defendants also filed motions for summary judgment in the Arthur Adversary Proceeding and the Roberts Adversary Proceeding on November 14, 2016, to which Plaintiff is separately responding in those adversary proceedings.

Page 3 – UNITED STATES TRUSTEE'S MOTION TO STRIKE FACTS INCLUDED IN DECLARATIONS NOT CONTAINED IN DEFENDANTS' CONCISE STATEMENT OF FACTS

Case 16-03013-rld    Doc 59    Filed 11/28/16

- Exhibit C.[2]

### The Declaration of Angelica Zavala

- Para. 4: Each and every occasion in which a CSR or I performed any activity (including the reviewing the work of my staff), we were required by Engagement Counsel and Morgan Drexen to enter log notes concurrent with the activity. These business records were mandatory in order to facilitate Engagement Counsel's and Local Counsel's supervision of the work performed by the non-attorney support staff.

- Para. 5: On October 26, 2012, Ms. Stites called Morgan Drexen and spoke with a member of the customer service department, Cynthia Gonzalez.

- Para. 5:[3] Based upon the Ms. Stites' request to file a bankruptcy petition and her indication that Mr. Graeff would handle the bankruptcy, Ms. Stites' engagement with Howard Law for debt settlement services was cancelled. A formal cancellation letter terminating the Howard Law's representation of Stites was sent on November 1, 2012. (This letter is attached hereto as Exhibit B.) Thereafter, Vincent Howard and Howard Law had no involvement with Ms. Stites as she moved forward with her bankruptcy petition with The Law Offices of Erik Graeff.

- Exhibit C.

### The Declaration of David Walker

- The entire Declaration of David Walker (no references in the Howard Concise Statement of Facts).

- Exhibits A, B, and C to the Declaration of David Walker (no references in the Howard Concise Statement of Facts.

---

[2] Plaintiff is unsure of whether the Howard Defendants intended to reference Exhibit C or Exhibit B in the Howard Concise Statement of Facts, paragraph 8. If the Howard Defendants intended to refer to Exhibit C, Plaintiff objects to consideration of the exhibit of settlement communications consistent with Rule 408 of the Federal Rules of Evidence.

[3] The declaration incorrectly lists paragraph 7 as paragraph 5. Plaintiff objects to the second paragraph 5, which should be numbered paragraph 7.

Page 4 – UNITED STATES TRUSTEE'S MOTION TO STRIKE FACTS INCLUDED IN DECLARATIONS NOT CONTAINED IN DEFENDANTS' CONCISE STATEMENT OF FACTS

Case 16-03013-rld    Doc 59    Filed 11/28/16

### The Declaration of Desmond Adams

- Para. 4: Morgan Drexen's software included a module known as the Preferred Creditor module. This system, with the involvement of participating creditors or collection agencies, would facilitate the settlement negotiation process. Palisades Collection was one such participant. The Preferred Creditor process would match law firm clients with creditor/collection agencies owning or collecting on a particular account. The system would them generate a draft agreement based upon a predetermined percentage of current balance as indicated by the creditor. Each side would then evaluate the proposal in the context of a particular law firm client. If both sides accepted the terms of the letter, the software would capture the electronic acceptance. The draft letter produced at the inception of the process would be the sole written evidence of the agreement
- Para. 6: On April 28, 2012, Howard Law, on behalf of Stites, sent the first installment payment to Palisades Collection. See the check attached hereto as Exhibit B.
- Para. 7: However, after the first payment, Ms. Stites defaulted on the settlement agreement. On May 18, 2011, Ms. Stites telephoned Morgan Drexen to advise that she would miss her May payment to her trust because she was still not working. We apprised her, and the notes reflect that she understood, that her inability to make her May payment placed the Chase settlement in danger. As reflected in the Howard Law client file, Chase sued Stites, secured a judgment and started to garnish Stites' bank account
- Exhibit B.

### Discussion

Local Bankruptcy Rule ("LBR") 7056-1(a) provides that a motion for summary judgment must be accompanied by the following two, separately filed documents: (A) A supporting brief addressing applicable law and explaining why there exist no genuine issues of material fact to be tried, and (B) a separately filed concise statement articulating only the undisputed relevant material facts essential for the Court to decide the motion.

**Page 5 – UNITED STATES TRUSTEE'S MOTION TO STRIKE FACTS INCLUDED IN DECLARATIONS NOT CONTAINED IN DEFENDANTS' CONCISE STATEMENT OF FACTS**

Case 16-03013-rld    Doc 59    Filed 11/28/16

Pursuant to LBR 7056-1(c)(1) - (2), each fact in a concise statement must be separately stated in a numbered paragraph and a party may refer only to the material facts necessary for the court to determine the limited issues presented in the motion and to no others. Unless approved by the Court in advance, the concise statement may not exceed five pages.

The Howard Defendants' filing of the Declarations with numerous facts not contained in the Howard Statement of Facts is an attempt to circumvent the requirements, including the page limitations, of LBR 7056-1 pertaining to the concise statement of facts. LBR 7056-1 requires the concise statement to be limited in length and to comply with certain formatting requirements, which facilitate responses by other parties. It is unreasonable for Plaintiff to have to respond to the numerous factual statements contained in the Declarations that do not comply with the requirements of LBR 7056-1.

**WHEREFORE** Plaintiff requests an order striking the paragraphs set forth in the Declarations that are not included in the Howard Concise Statement as follows:

A. The following paragraphs and exhibits of the Howard Declaration:
   i. Para. 6,
   ii. Para. 9, and
   iii. Exhibit C;

B. The following paragraphs and exhibits of the Zavala Declaration:
   i. Para. 4,
   ii. Para. 5,
   iii. Para. 5 (numbered 5 for the second time, should be paragraph 7), and
   iv. Exhibit C;

C. All paragraphs and all exhibits of the Walker Declaration; and

D. The following paragraphs and exhibits of the Adams Declaration:
   i. Para. 4,
   ii. Para. 6,

Page 6 – UNITED STATES TRUSTEE'S MOTION TO STRIKE FACTS INCLUDED IN DECLARATIONS NOT CONTAINED IN DEFENDANTS' CONCISE STATEMENT OF FACTS

Case 16-03013-rld    Doc 59    Filed 11/28/16

      iii.    Para. 7, and

      iv.    Exhibit B.

DATED this 28th day of November, 2016.

                              Respectfully submitted,
                              GAIL BREHM GEIGER
                              Acting U.S. Trustee for Region 18

                              /s/ Carla Gowen McClurg
                              Carla Gowen McClurg, OSB #165144
                              Trial Attorney

**Page 7 – UNITED STATES TRUSTEE'S MOTION TO STRIKE FACTS INCLUDED IN DECLARATIONS NOT CONTAINED IN DEFENDANTS' CONCISE STATEMENT OF FACTS**

Case 16-03013-rld    Doc 59   Filed 11/28/16

**CERTIFICATE OF SERVICE**

I hereby certify that on November 28, 2016, I served a copy of the foregoing **UNITED STATES TRUSTEE'S MOTION TO STRIKE FACTS INCLUDED IN DECLARATIONS NOT CONTAINED IN DEFENDANTS' CONCISE STATEMENT OF FACTS** on the parties on the electronic service list for this adversary proceeding by filing the foregoing document through the Court's CM/ECF system and by serving the following persons by first-class U.S. Mail:

Vincent Howard
2099 S State College Blvd #600
Anaheim, CA 92806

Howard Law, P.C.
Vincent Howard
2099 S State College Blvd #600
Anaheim, CA 92806

Jeffrey A. Katz
1919 N Heliotrope Dr
Santa Ana, CA 92706

                                                      GAIL BREHM GEIGER
                                                      Acting U.S. Trustee for Region 18

                                                      /s/ Carla Gowen McClurg
                                                      Carla Gowen McClurg, OSB #165144
                                                      Trial Attorney